**Florence BUSH, Plaintiff–Appellee,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant–Appellant.**

No. 1295, Docket 95–6215.

United States Court of Appeals, Second Circuit.

Argued May 20, 1996.

Decided Aug. 23, 1996.

Edith M. Kallas, Milberg Weiss Bershad Hynes & Lerach, New York City, for plaintiff–appellee.

Bruce H. Nims, U.S. Attorney's Office, Brooklyn, NY, for defendant–appellant.

Before: KEARSE, WINTER and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge:

This case, an ordinary social security disability claim, has been wandering up, down, and around the administrative and judicial systems for over ten years. It has now reached this Court for the first time. Because of its tortuous trajectory, we will spend a considerable amount of time describing the process that the plaintiff has received in the name of administrative efficiency and better service, those often used twin justifications of administrative decisionmaking. In the end, though, the case turns on whether a straightforward burden of evidence has been met, and on that basis, we reverse the district court and affirm the Secretary.

## BACKGROUND

Eleven years ago, the plaintiff-appellee, Florence Bush, filed an application for disability insurance benefits under Title II of the Social Security Act. Her application stated that, due to a chronic cough, she was unable to work. Since the filing of her claim, she has not been employed. Before that date, Ms. Bush had worked as a file clerk/typist and as a bank teller. It may or may not be relevant that just prior to the filing of her application, her husband relocated his work to New York City from Albany, where both had previously been employed.

A hearing concerning Ms. Bush's application for disability benefits took place in March of 1986 before Administrative Law Judge ("ALJ") Sidney Fenster. Ms. Bush, appearing *pro se*, testified that she was unable to work due to her cough. Brookward Bush, the plaintiff's husband, also testified and stated that, based on his own annoyance with her cough, he thought the cough would annoy bank customers and people in other employment settings. ALJ Fenster denied the plaintiff's claim, finding that Ms. Bush was able to return to her past relevant work:

There is no objective evidence in the record to establish that claimant has any significant restriction of her ability to engage in basic work activities. Claimant has recently worked as a file-clerk/typist and a bank teller. She is capable of returning to such work activity. As claimant is able to engage in her past relevant work activity she cannot be found "disabled" as defined by the Social Security Act.

Ms. Bush then sought review by the Appeals Council of the Social Security Administration ("SSA"). In July 1986, the Council denied her appeal.

Ms. Bush next filed a complaint against the Secretary of Health and Human Services ("the Secretary") in the Eastern District of New York. The district court (Sifton, *J.*), after a May 1987 hearing, held that ALJ Fenster ignored a residual functional capacity assessment that was in the administrative record. The assessment, Judge Sifton noted, showed that the plaintiff suffered from allergies and that she needed to avoid certain work environments:

[T]he performance by the ALJ in evaluating this claim was lamentable, ignoring the only residual functional capacity evaluation in the record which recognized that this woman suffered from allergies, asthma, should avoid work environments including dust, humidity, temperature extremes, et cetera. The Administrative Law Judge ignored that completely, simply consigned the woman to her past work without investigating the situation in which she had been working.

Judge Sifton remanded the case to the SSA for further investigation of the plaintiff's medical situation.

Pursuant to the district court's order, in September of 1987, Dr. James Vevaina, whom the Secretary at oral argument described as a Social Security doctor, examined Ms. Bush. He noted that plaintiff's symptoms were coughing, sputum production, wheezing, and shortness of breath. Dr. Vevaina's diagnosis stated that Ms. Bush suffered from chronic bronchitis and a post-nasal drip. He found no limitation with respect to Ms. Bush's ability to lift and carry, stand, or walk. The only work limitations he noted were that she was to avoid temperature extremes, chemicals, dust, and fumes.

A second hearing before ALJ Fenster was held in January of 1988. Plaintiff, now represented by counsel, argued that Dr. Vevaina's examination was deficient because the doctor did not follow up on an abnormality present in a 1985 x-ray taken at Astoria General Hospital.[1] Reviewing the evidence, ALJ Fenster again found that the plaintiff was not disabled from performing her past relevant work as a file clerk/typist or as a bank teller, and denied her application for disability benefits.

Ms. Bush, for the second time, sought review by the Appeals Council. She attached the findings of her own physician, Dr. Gary Weinstock, which stated that the plaintiff suffered from allergic rhinitis and bronchial asthma. The Council refused to hear her claim, and her case returned to the district court.

In August 1989, the district court (Sifton, J.) remanded the case. The court found that ALJ Fenster had erred by relying on Dr. Vevaina's report without more testing. It also found that the ALJ had misapplied the burdens of proof in requiring the plaintiff, on her own, to pursue additional testing to support her claims. Finally, the court ordered further inquiry regarding any environmental restrictions on the plaintiff's ability to perform her past relevant work.

Plaintiff's entitlement to social security disability insurance ended on December 31, 1989.[2] Pursuant to the district court's remand, plaintiff saw Dr. Vevaina again in May of 1990. She claimed that her cough had worsened. Dr. Vevaina reported that the plaintiff had symptoms of cough and sinusitis, that there was no evidence of asthma or emphysema, and that she was not disabled.

Dr. Weinstock, in a July 1990 letter to the plaintiff's attorney, wrote that he continued to treat the plaintiff for allergic rhinitis and asthma. He reported that Ms. Bush still required medication for her allergies and that she had severe symptom exacerbations with exposure to dust, damp weather, or flowers. She also had developed food allergies that increased her rhinitis. He stated that Ms. Bush should avoid work environments with cigarette smoke, dust, mold spores, or flowers. Dr. Laura Schmitt, the plaintiff's dentist, also submitted a note to plaintiff's attorney in July of 1990. Dr. Schmitt reported that her dental work on the plaintiff often had to be interrupted to permit the plaintiff to cough, that the plaintiff gasped for breath at times, and that the plaintiff had to sit with her head raised during dental procedures due to a large quantity of mucus.

Pursuant to the district court's remand, a third hearing was held in August of 1990. Because her entitlement to disability insurance benefits expired on December 31, 1989, Ms. Bush had to show that she was disabled before that date in order to be eligible for disability benefits. Ms. Bush submitted, as evidence, the Weinstock and Schmitt letters as well as Medicare billing statements and bills. Dr. Morton Rosen, a vocational expert apparently called by the government, testified that a person with a moderate asthmatic condition who requires an allergen-free environment is nonetheless able to function in an

---

1. The abnormality to which plaintiff's lawyer referred was actually in a 1983 x-ray, not the 1985 x-ray taken at Astoria Hospital (where no abnormality was found).

2. The record does not explain why plaintiff's disability insurance terminated on December 31, 1989. Under the statute, disability insurance coverage can end for a variety of reasons, including eligibility for retirement payments. *See* 42 U.S.C. § 416(i)(3).

air-conditioned environment such as a bank. Based on this testimony, ALJ Fenster issued his third decision finding that the plaintiff was not disabled; Ms. Bush's allergies, he held, did not preclude her from functioning in her past relevant work.

Ms. Bush again sought review by the Appeals Council. And the Council in May of 1991 remanded the case for further administrative inquiry into plaintiff's symptoms. It requested that an ALJ "make specific findings as to the credibility of the claimant's complaints and their effect on her ability to function."

In due course, a hearing was held before ALJ Richard Karpe. At that hearing, Dr. Richard Wagner was called by the government as a medical advisor. He testified that Ms. Bush's bronchoscopy and chest x-ray results were normal and that she suffered only from allergies. He testified that the plaintiff should avoid temperature extremes, dust, and fumes, and that she should not lift heavy objects. After the hearing, ALJ Karpe denied Ms. Bush's application, finding that she was not disabled because she was capable of returning to her past relevant work.

Ms. Bush asked the Appeals Council to review the decision yet again. In December of 1992, the Council remanded the case once more, for an additional evaluation of plaintiff's subjective complaints of pain. It ordered the ALJ to:

> address the issue of the claimant's subjective complaints during the period at issue within the guidelines set forth in 20 CFR 404.1529 and in accordance with the criteria in Social Security Ruling 88–13. The rationale will include, as appropriate, such factors as the claimant's daily activities, the kinds, amounts, and frequency of any medications taken during the period at issue, pertinent medical findings and opinions, and observations of the claimant.

Pursuant to the Appeals Council decision, a fifth administrative hearing was held in May 1993 before ALJ David Nisnewitz. Judge Nisnewitz, after reviewing the medical evidence, found that "[a]lthough the claimant has established that she suffers from a severe respiratory impairment, said impairment fails to meet or equal the level of severity of any disabling condition contained in Appendix 1, Subpart P of Social Security Regulations No. 4." Judge Nisnewitz went on to make the following findings:

● The plaintiff's "impairment did not prevent [her] from performing her past relevant work as a bank teller from her alleged onset of disability on May 24, 1985 through her date last insured on December 31, 1989."

● "In the disability report prepared by the claimant at the time of filing her application ... the claimant indicated that she was placed under no restrictions by any treating physician. Following his examination of the claimant, Dr. Vevaina reported that the claimant's ability to sit, stand, walk and lift was unlimited. However, he recommended that the claimant avoid exposure to a number of environmental irritants.... His assessment corresponds with that of the claimant's treating physician, Dr. Weinstock, who recommended, in July 1990, that the claimant avoid exposure to cigarette smoke and increased amounts of dust, mold and flowers. The Administrative Law Judge notes that a bank environment typically does not require exposure to the allergens identified by Dr. Weinstock...."

● "[T]he Administrative Law Judge has given thoughtful consideration to the claimant's allegations of disabling pain and symptoms as required by Social Security Ruling 88–13 and 20 CFR 404.1529.... The claimant was prescribed Bronkosol, Seldane, Ocean Nasal Spray and Beconase. She reported no adverse side-effects from her use of these medications.... Results of chest x-rays, bronchoscopy and blood studies were within normal limits. These results have been consistent from 1985 through May 1990. On physical examinations, the claimant has displayed normal breath sounds, with no evidence of wheezing, rales or rhonchi. The claimant's treating physician, Dr. Weinstock, reports that the claimant's symptoms had improved and that she experienced a marked response to bronchodilation therapy. Following his examination of the claimant in

October 1987 and May 1990, Dr. Vevaina concluded that there was no evidence that the claimant was disabled in any manner."

● "[T]he claimant alleges that her daily activities are extremely constricted due to persistent coughing spells.... However, the claimant noted that, between 1985 and 1989, she was able to shop for clothing and shoes, wore perfume and lipstick and attended church on a weekly basis. She further testified that she taught Sunday School. Her housekeeping chores were limited to making beds, doing laundry, cleaning the bathroom and cooking. Her husband reportedly performs chores such as vacuuming and grocery shopping. The claimant also acknowledges that she has a driver's license and continued to drive through 1989."

● "At hearing, the claimant testified that she traveled to the Middle East in 1989 ... for a period of two weeks. The claimant also travels to South Carolina annually for a two-week trip during the summer months. Presumably, if temperature extremes did, indeed, exacerbate the claimant's symptoms, she would travel to South Carolina during a more temperate time of the year. Despite the claimant's allegations that her coughing and breathing difficulties are disabling, the Administrative Law Judge finds no diagnostic studies of record which can reasonably support the claimant's allegations."

● "[T]he claimant continues to attend church, perform limited housekeeping and travels without limitation. Her activities, in conjunction with de minimus [sic] medical findings, lead the Administrative Law Judge to conclude that the claimant's symptoms are not as severe as alleged.... [H]e does not find that it was of such frequency, intensity and duration ... as to render her incapable of performing substantial gainful activity on a sustained basis."

Judge Nisnewitz therefore denied Ms. Bush's application for benefits.

The Appeals Council turned down the plaintiff's request for review in June of 1994, noting:

The claimant's treating physicians have consistently reported that severe exacerbations of her asthma occur only upon exposure to dust, damp weather, and flowers. The clinical records reflect that she did improve after treatment was initiated.... Given the proper environmental limitations as identified in the decision, the claimant is not precluded from performing the demands of her past relevant work.

In August of 1994, Ms. Bush filed a petition in the district court challenging the denial of benefits. The Secretary moved for judgment on the pleadings and the plaintiff opposed the motion and cross-moved for judgment, arguing that the Secretary had failed to produce evidence showing that the plaintiff was not disabled, and that benefits were justified due to the inordinate length of time that had elapsed since her initial complaint.

Finally, last year in May, the district court (Sifton, *C.J.*) granted the plaintiff's motion and entered judgment in her favor. The district court stated that ALJ Nisnewitz had failed to conduct a hearing over "a number of days" and that he had not provided the reviewing court with "findings of fact and conclusions of law of some complexity." The court went on to say that "[t]he Secretary has had more than enough time and opportunity to pursue those inquiries and make those detailed findings of fact permitting me to review the determination, so in these circumstances the remedy for the failure to explore these matters in the past can only be reversal and a remand for an award." Accordingly, it awarded plaintiff disability insurance benefits retroactive to 1985 through December 31, 1989.

The Secretary appeals.

## DISCUSSION

■ In evaluating disability claims, the Secretary is required to use a five-step sequence, promulgated in 20 C.F.R. §§ 404.1520, 416.920 (1981):

"*First,* the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary *next* considers whether the

claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the *third* inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the *fourth* inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. *Finally,* if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform." The burden of proving disability, encompassing the first four of these steps, is on the claimant. The burden of proving the fifth step is on the Secretary.

*Rivera v. Schweiker,* 717 F.2d 719, 722–23 (2d Cir.1983) (emphases added) (citations omitted).[3] Ms. Bush was not found to have a "listed" impairment, and thus she had the burden of proving that her impairment interfered with her capacity to perform her relevant past work. The government contends that Ms. Bush has not met her burden on this point.

■ ALJ Nisnewitz found that Ms. Bush had not shown that she was unable to perform her past relevant work. If there is "substantial evidence" to support the Secretary's findings, they are "conclusive" and may not be questioned by the district court.

42 U.S.C. § 405(g). "Substantial evidence," in the social security disability insurance context, means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citation and internal quotation marks omitted).

■ The crux of this case is whether substantial evidence supports ALJ Nisnewitz's finding that Ms. Bush had not met her burden of showing that she was unable to perform her past relevant work. We find that substantial evidence exists, and therefore reverse the district court.

Ms. Bush, to put it mildly, has had repeated chances to present evidence that she was not capable of performing her past relevant work. She has never come close to meeting that burden. Not one doctor has ever testified to this effect. The best she has done is to quote (twice) her treating physician, that she

> continues to have relatively severe symptom exacerbations with exposure to dust, damp weather, or flowers. She has developed food allergies, which have also increased her allergic rhinitis symptoms. Another new problem has been severe reflux esophagitis with episodes or aspiration of gastric secretions.... Due to her allergic rhinitis and asthma, she should avoid work environments with cigarette smoke, increased amounts of dust or molds spores or flowers.

But this testimony does not show that she was unable to perform work as a bank teller or file clerk/typist. To be sure, plaintiff presented some evidence that she had difficulty while operating a car, and that she had breathing problems during her trip to Israel and Egypt, but this hardly suffices as evi-

---

3. An individual applying for social security disability benefits is considered to have a disability if he or she has an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). Further, "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

dence that she could not manage her previous jobs.

ALJ Nisnewitz concluded that Ms. Bush retained the capacity to perform work that did not involve exposure to environmental irritants. Concluding that her work as a bank teller did not expose her to such irritants, he denied her application for benefits. He also noted that her x-rays and bronchoscope results revealed no strong abnormalities, that the plaintiff worked from 1978 to May 1985 despite her condition, that she was able to travel to the Middle East and the Southern part of the United States, and that she was able to function in a daily routine in a house that was not air-conditioned.[4]

█ The district court did not focus on the past relevant work requirement, which remains the key to disability benefits in this case. It voiced outrage at alleged improprieties in the administrative hearing and the ten-year delay since Ms. Bush first filed her petition. While we have sympathy for the district court's reaction, we cannot decorate such sentiments with the force of law. In its decision, the district court repeatedly indicated its yearning for a more detailed inquiry. *See, e.g.,* Jt.App. at 7 ("what we're accustomed to in this court" is "a proceeding and hearing extending over a number of days, following which there would be an opinion and findings of facts and conclusions of law of some complexity"). But administrative hearings are not similar to the hearings to which district courts are typically accustomed. As the Supreme Court has observed, Congress gave the Secretary much discretion to deal with the millions of decisions she must make. *See Perales,* 402 U.S. at 399–400, 91 S.Ct. at 1426–27. In particular, a full-blown adversarial hearing is not required. *Id.* at 400–01,

91 S.Ct. at 1427 ("There emerges an emphasis upon the informal rather than the formal. This, we think, is as it should be, for this administrative procedure, and these hearings, should be understandable to the layman claimant, should not necessarily be stiff and comfortable only for the trained attorney, and should be liberal and not strict in tone and operation."). Requirements of due process apply, of course, but what is adequate to meet those requirements is understandably different in such hearings than in judicial trials. *See generally* Jerry L. Mashaw, Due Process in the Administrative State (1985).

Nor, on these facts, does the ten-year delay justify a finding in Bush's favor. The plaintiff correctly notes that the Third Circuit has held that the Railroad Retirement Board violated an applicant's due process rights by taking almost four years to issue a final decision regarding disability benefits. *Kelly v. Railroad Ret. Bd.,* 625 F.2d 486, 491 (3d Cir.1980). In *Kelly,* however, the court found that there was substantial evidence in the record that the claimant was in fact disabled. There is no such evidence here, and absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits. *See Gilliland v. Heckler,* 786 F.2d 178, 184 (3d Cir.1986) (a decision to reverse and direct an award for benefits "should be made only when … substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits").

## CONCLUSION

We therefore reverse the district court's decision and remand the case to the district

---

4. ALJ Nisnewitz also gave substantial consideration to the factors in Social Security Ruling 88–13, and Ms. Bush does not appear to suggest otherwise in her brief to this Court. The Ruling provides that when a claimant's symptoms suggest a greater restriction of function than can be demonstrated by objective evidence alone, consideration will be given to such factors as:

1. The claimant's daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Precipitating and aggravating factors;

4. Type, dosage, effectiveness, and side effects of medication that the claimant has taken to alleviate her symptoms;
5. Present or past treatment, other than medication, for relief of pain or other symptoms;
6. Any measures the claimant uses or has used to relieve her pain or other symptoms; and
7. Other factors concerning functional limitations and restrictions due to pain or other symptoms.

*See* 20 CFR 404.1529(c)(3); SSR 88–13. As previously discussed, the ALJ did consider these factors in his decision.

court for reinstatement of the Secretary's determination and dismissal of the complaint.