William E. BUTTS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

Docket No. 03–6115.

United States Court of Appeals, Second Circuit.

Argued: Jan. 7, 2004.

Decided: Nov. 3, 2004.

Petition for Rehearing Filed: Dec. 17, 2004.

Petition for Rehearing Decided: July 27, 2005.

---

Eugene D. Faughnan, Hinman, Howard & Kattell, LLP, Binghamton, New York, for Plaintiff–Appellant.

Sixtina Fernandez, Assistant Regional Counsel, Social Security Administration (Lisa de Soto, General Counsel, Barbara L. Spivak, Chief Counsel—Region II, Richard A. Hill, Deputy General Counsel, on the petition), New York, New York, for Defendant–Appellee.

Before: WINTER, JACOBS, and STRAUB, Circuit Judges.

Judge JACOBS dissents in a separate opinion.

WINTER, Circuit Judge.

Appellee Jo Anne B. Barnhart, Commissioner of Social Security (the "Commissioner") petitions for a rehearing by the merits panel to reconsider its decision in *Butts v. Barnhart*, 388 F.3d 377 (2d Cir. 2004). Familiarity with this decision is assumed.

The Commissioner argues that the panel's imposition of time limits for a decision on the remand of Butts' disability claim for further proceedings was error for three reasons: (i) ordering a calculation of benefits in the event that the 60–day time limits are not met would violate prohibitions—both judge-made and constitutional—on ordering the payment of benefits where a claimant has not been found disabled, *see Bush v. Shalala*, 94 F.3d 40 (2d Cir.1996); U.S. Const. Art. I, Sec. 9, cl. 7 (Appropriations Clause); *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (discussing United States' sovereign immunity from suit absent consent); (ii) the 60–day time limits were inappropriate because the panel did not expressly justify the limits by finding the delay in Butts' case "unreasonable" under *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984); and (iii) 60 days is not sufficient time for the Social Security Administration ("SSA") to render a decision while complying with its own rules and regulations. We find all but the last of these arguments lacking in merit. In response to that argument, we extend the time limits to 120 days.

a) *Ordering a Benefits Calculation After Exhaustion of Time Limits*

*Bush v. Shalala*, the Appropriations Clause, and the doctrine of sovereign immunity all permit the ordering of a benefits calculation in the present circumstances if the time limits are not met.

*Bush* is clearly distinguishable from the present case. In *Bush*, the disability claim had been pending in various courts for ten years, but the claimant had never proceeded beyond the fourth step of the five-step inquiry followed by administrative law judges ("ALJ"s)—*i.e.*, she had not shown "that her impairment interfered with her capacity to perform her relevant past work." 94 F.3d at 45. The claimant had thus not carried her burden of showing an inability to perform past relevant work at step four. Simply put, she had never shown a disability. Nevertheless, the district court, "outrage[d]" at the delay, remanded for calculation of benefits. *Id.* at 46. We reversed, holding that "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Id.*

■ Butts' case is quite different. Here, we are reviewing an ALJ's decision at step five, rather than step four, of the five-step inquiry. At step five, the disability has been shown, and "the burden ... shifts to the [Commissioner] to prove ... that the claimant is capable of working." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir.2000). Further, we are reviewing a decision in which the existence of appropriate work for the particular claimant in the national economy cannot be determined solely from the "grids," but must, if the claimant is to be denied benefits, be shown by the testimony of a vocational expert. 388 F.3d at 383–84. The burden of producing such testimony rests on the Commissioner. *Id.* To be sure, our original opinion in this case noted that the evidence was "sufficient to support a finding that Butts could perform sedentary and perhaps some light work," *Butts*, 388

F.3d at 386, but all we meant was that the medical evidence would have been sufficient to support a finding that Butts was not disabled, but only if the Commissioner had met her burden of presenting a vocational expert to testify that a person with Butts' attributes and qualifications could find sedentary or some light work. Therefore, the opinion could also have said—and we now do so say—that the evidence at the fifth stage would compel a finding that Butts was disabled absent the Commissioner's meeting her burden of making a contrary showing.

On the present record, therefore, Butts has made his showing of disability, and the Commissioner has failed to meet her burden of rebuttal. We deemed the district court's decision to remand for further proceedings rather than a benefits calculation as not constituting an abuse of discretion only because, at her request, we allowed that the Commissioner, who was not represented before the ALJ and to whom the ALJ "owe[d] a duty" to develop the record, *id.*, a second chance to present evidence. However, on the present record, the ordering of a benefits calculation was hardly out of the question. After all, Butts has proven his case, and the Commissioner has run out of time to meet her step five burden. Moreover, it was well within the power of the Commissioner to fashion procedures that would have ensured that she sought to carry her fifth-stage burden on the first occasion that it fell upon her.

We part company with our dissenting colleague in several respects. In particular, our holding is limited to cases where the claimant is entitled to benefits absent the Commissioner's providing expert vocational testimony about the availability of appropriate jobs. Unlike the dissent's example of a piano tuner with a trivial hearing loss, Butts' ability to perform alternative substantial work in the national economy cannot be determined solely from the "grids," as explained in our first opinion.[1] *See* 388 F.3d at 383–84. Because, as the Commissioner agrees, she has the burden of showing through the testimony of a vocational expert the existence of appropriate jobs for Butts in the national economy, Brief of Appellee at 12–13, he is entitled to benefits as a matter of law absent such a showing. The problem of awarding benefits without supporting findings that so concerns the dissent is, therefore, illusionary in the present circumstances.

Nor are we imposing, as suggested by the dissent, "a penalty" or "sanction" "for bureaucratic delay," Dissent at 108. The Commissioner has asked us to exercise our discretion in her favor as to determining when the evidentiary record is to be deemed closed in this prolonged proceeding and to give her a second chance to offer testimony that she agrees should have been offered earlier and is required to foreclose a disability finding. We do no more than grant her the requested second chance with notice that the record will be deemed closed according to the temporal limits stated in this opinion. If the record is closed without such testimony, Butts will then be entitled to benefits.

As noted, the remand gave the Commissioner, at her request, a second chance, a generosity that the Commissioner's petition for rehearing has not allowed to go unpunished. Were the option of a time limit not available, we would have deemed the remand to have been an abuse of discretion because of both the Commissioner's ability to have avoided the delay occasioned by the failure to produce rebuttal evidence and the self-evident purpose of

---

1. We also note that it is unlikely that the piano tuner would ever get to step five, because, if for no other reason, his "trivial" hearing loss will not be considered "medical[ly] severe." *See* 20 C.F.R. § 416.920.

Congress that disability benefits be provided somewhat near the time they are needed.

For the same reasons that the remand is consistent with *Bush,* it does not violate the Appropriations Clause or the doctrine of sovereign immunity. These allow, respectively, payment of money by the federal government only where authorized by statute, *Office of Personnel Management v. Richmond,* 496 U.S. 414, 424, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990), and suits for money only where the government has consented to such suit, *Lehman,* 453 U.S. at 160, 101 S.Ct. 2698. If the Commissioner fails to meet her burden within the time limits, Butts' showing of disability will be unrebutted, benefits are statutorily authorized, and the government has waived its immunity from suit for those benefits.

Finally, the Commissioner argues in a footnote that Fed.R.Civ.P. 55(e) bars the remand because default judgments against the United States are forbidden except where "the claimant establishes a claim or right to relief by evidence satisfactory to the court." Petition at 8 n. 3. Again, if the Commissioner does not meet the time limits, Butts' showing of disability will be factually unrebutted under the five step process, and Butts will therefore have a "right to relief."

b) *"Unreasonable" Delay*

*Heckler v. Day* reversed injunctive relief prescribing deadlines for Department of Health and Human Services disability claim adjudications in favor of a class of disability claimants. 467 U.S. at 119, 104 S.Ct. 2249. Nevertheless, it noted that "nothing in this opinion precludes the proper use of injunctive relief to remedy *individual* violations of § 405(b)." *Id.* at 119 n. 33, 104 S.Ct. 2249 (emphasis in original). Section 405(b) provides that after an adverse decision on a disability claim, a claimant is entitled to "reasonable notice and opportunity for a hearing with respect to such decision." 42 U.S.C. § 405(b)(1). We have interpreted footnote 33 of *Day* to mean that "injunctive relief would still be an appropriate remedy for individual cases involving unreasonable delays." *Barnett v. Bowen,* 794 F.2d 17, 22 (2d Cir.1986) (subsequent appeal in *Day* under different name, after Supreme Court remanded *Day* to district court). The Commissioner's rehearing petition argues that injunctive relief is permissible only where a court has found delay to be "unreasonable," which our opinion did not explicitly do in this case.

We respond with two observations. First, we do not consider a ruling that a proceeding may not be held indefinitely open for one party to offer rebuttal evidence (or even not to offer it) as necessarily constituting an injunction, particularly when a prior opportunity to offer such evidence was missed. Rather, it is more in the nature of a scheduling order.

But, second, even if we deem our ruling to be an injunction and even if only unreasonable delay justifies injunctive relief, that hardly affects the outcome. The clear implication of our opinion in *Butts* was that the delay was unreasonable. Not only was the delay *per se* unreasonable because it involved years of inaction, but also because it was caused in large part by the ALJ's failure to follow regulations requiring testimony by a vocational expert. *See Butts,* 388 F.3d at 387 ("[I]n cases involving an ALJ's failure to call a vocational expert, district courts that select remand as a remedy should consider imposing a time limit on the subsequent proceedings. In this case, the past delay is of such magnitude—years—that a time limit is imperative."). Therefore, to accommodate the Commissioner's concerns, we now state

that the delay in Butts' case was unreasonable.

### c) *60–Day Time Limit*

The Commissioner argues that a 60–day time limit "would prevent the Commissioner from following her own regulations, policies and procedures that provide procedural protections to claimants and ensure fair, complete and orderly adjudication of claims for benefits." Petition at 11. The Commissioner points to a need on remand to "update evidence" and recontact medical professionals in order to "consider all pertinent issues *de novo* . . . through the date that insured status expired." *Id.* Furthermore, the Commissioner states that she must give Butts 20 days' notice of any future hearing. *Id.* at 12; 20 C.F.R. § 404.938(a). The Commissioner argues that Butts' insured status expired on December 31, 1997. Petition at 11; Appellee's Br. at 3. Were this the case, we would not modify the time limits, because no new post–1997 evidence would need to be considered other than the testimony of a vocational expert. However, if Butts is found to have been disabled during the period between his May 1996 initial application and December 31, 1997, his insured status will not have expired on the latter date, and he will likely have remained eligible for disability insurance benefits up to the present time. *See* 20 C.F.R. §§ 404.130(b), 404.132(a). In that case, updated medical and other evidence will be necessary on remand, and the 60–day time limit for proceedings before the ALJ is too short.

We therefore grant the petition for rehearing to the following extent: So long as Butts is prepared to go forward with his case within the first 30 days of that period, the proceedings before an ALJ must be completed within 120 days of the issuance of this order. If Butts is not prepared to go forward within the first 30 days, the proceedings must be completed within 90 days from the date when he is prepared. The appellate time limit remains unmodified; if the ALJ's decision is a denial of benefits, a final decision of the Commissioner must be rendered within 60 days of Butts' appeal from the ALJ's decision. As we stated in our previous opinion, if these deadlines are not observed, a calculation of benefits owed Butts must be made immediately.

### d) *Status of Butts' Second Claim As "New" or "Amended"*

Butts filed an application for benefits in 1996; this application was denied initially and upon reconsideration, and Butts withdrew a subsequent request for a hearing. *Butts*, 388 F.3d at 380. Butts filed another application on January 1, 1998. *Id.* In his opening brief, Butts stated that the second application was an "amended" application, and that his suit was therefore based on the initial 1996 application. In her brief, the Commissioner called the second application a "second" application but did not otherwise address whether the second application was "amended" or which application the suit was based upon. The opinion notes that Butts' second application was an "amended" one. *Butts*, 388 F.3d at 380. In the Petition for Rehearing, the Commissioner argues that Butts' second application "was a new application, *not* an amended application as Butts indicated in his brief before this Court and as the Court noted in its opinion." Petition at 2 n. 1. The Commissioner offers no record support for this contention, and, given her failure to challenge the assertion in Butts' brief, appears to have waived this issue.

In any event, whether the second application was new or amended does not affect our determination of whether the delay was unreasonable, because in either case the administrative process took "years," as

stated in the opinion, and was caused in large part by the ALJ's failure to call a vocational expert. 388 F.3d at 387. Even if the second application was new, it was filed on January 1, 1998; the Appeals Council's denial of benefits did not become final until December 8, 2000.

We therefore grant the petition for rehearing in part and deny it in part.

JACOBS, Circuit Judge, dissenting in part.

Our initial (unanimous) opinion ordered the calculation of Social Security benefits *if* the Commissioner fails to take final action on Butts' application in compliance with two successive 60–day time limits. *See Butts v. Barnhart,* 388 F.3d 377, 387 (2d Cir.2004). The Commissioner seeks rehearing, *inter alia,* on the ground that this ultimatum creates the live possibility that Butts will be awarded disability benefits absent any finding that he is "disabled" as that term is defined in the Social Security Act ("SSA"), 42 U.S.C. § 401 *et seq.* The petition for rehearing has led me into the light. I respectfully dissent insofar as the majority requires that, under certain conditions, benefits be awarded in the absence of a finding of "disability." Such an award of benefits is: (i) incompatible with the SSA, our prior precedent, the Appropriations Clause, the doctrine of sovereign immunity, and Fed.R.Civ.P. 55(e); (ii) inconsistent with our ruling that a remand of Butts' application to the Commissioner was within the district court's discretion; and (iii) unnecessary.

## I

"Every individual who ... is under a disability ... shall be entitled to a disability insurance benefit." 42 U.S.C. § 423(a)(1). It surely follows that someone who is not, is not. "Disability" is statutorily defined:

> The term "disability" means—

> (A) *inability to engage in any substantial gainful activity* by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

*Id.* § 423(d)(1) (emphasis added).

By regulation, the Social Security Administration has established a five-step procedure for evaluating disability claims. *See* 20 C.F.R. § 404.1520(a)(4). The claimant is assigned the burden through the first four steps (to show that he can no longer perform his past work due to a physical or mental impairment), and the Commissioner is assigned the burden at the fifth and final step (to show that the claimant can perform no other job in the national economy). *See Curry v. Apfel,* 209 F.3d 117, 122–23 (2d Cir.2000). This burden shifting regime does not, however, alter or amend the statutory definition of the term "disability."

Thus even an individual who is unable to perform his past work is under a "disability" *only* if he cannot engage in *any* other substantial gainful work that exists in the national economy:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The SSA nowhere empowers this Court to award disability benefits as a penalty

for the Commissioner's delay. This is settled law: "absent a finding that the claimant was *actually disabled*, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir.1996) (emphasis added).

The majority distinguishes *Bush v. Shalala* on the ground that *Bush v. Shalala* concerned a "step four" inquiry whereas the current appeal concerns a "step five" inquiry, and "the evidence at the fifth stage would compel a finding that Butts was disabled absent the Commissioner's meeting her burden of making a contrary showing." Majority Op. at 104. The majority's reasoning is based on the (insupportable) assumptions that: (i) a presumptive "disability" exists once the claimant has shown at step four an inability to perform his previous work; and (ii) the claimant can be statutorily entitled to benefits at that point if the Commissioner delays in the discharge of her burden of proof at step five. The fifth step of the analysis is indispensable, however, because it bears upon the sole question that determines statutory "disability": the inability to work in the national economy. The only conclusion established at step four—the inability to do one's prior work—may say nothing at all about "disability" as defined in the statute, or as commonly understood. A trivial hearing loss may end the career of a piano tuner without impairing in the slightest way the capacity to work at any other job whatsoever.

No agency or court has yet found Butts "disabled": as we observed in our initial opinion, "the evidence in the instant case is sufficient to support a finding that Butts could perform sedentary and perhaps some light work." *Butts*, 388 F.3d at 386. The SSA and *Bush v. Shalala* squarely bar an award of benefits absent a sufficient finding of disability by some competent entity. *See Bush v. Shalala*, 94 F.3d at 46. An award of disability benefits as a penalty for bureaucratic delay—rather than pursuant to the statutory definition of "disability"—is an act that exceeds our authority under the SSA. Such an award likewise runs afoul of the Appropriations Clause and the doctrine of sovereign immunity, not to mention Fed.R.Civ.P. 55(e).

## II

Our initial opinion recited that we "review the district court's order of remand for abuse of discretion," *Butts*, 388 F.3d at 385, and concluded that "[t]he district court's remand for further proceedings was ... within its discretion," *id.* at 387. The revised ruling issued by the majority—that benefits be awarded if it turns out that the proceedings on remand violate this Court's time limits—amounts to an implicit holding that the district court abused its discretion in failing to set the exact time limits that this Court imposed (and has now altered). In effect, this Court has applied a *de novo* standard of review, notwithstanding our rulings that: (i) our review is for abuse of discretion; and (ii) there was no such abuse in this case.

## III

This Court and the district court have ample contempt powers to assure that a thing be done, and that it be done on time; the Commissioner nowhere challenges those powers. The award of disability benefits as a sanction is not among those powers.