Carrie Hurdle BRICKHOUSE,
Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.[1]

No. 07–2964–cv.

United States Court of Appeals, Second Circuit.

June 23, 2009.

---

1. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Commissioner of Social Security Michael J. Astrue is automatically substituted for former Commissioner of Social Security Jo Anne B. Barnhart as the defendant in this case.

Melissa B. Arbus (Maureen E. Mahoney, Amanda P. Reeves, Anne W. Robinson, and Sonia W. Nath, on the brief), Latham & Watkins LLP, Washington, DC, for Plaintiff–Appellant.

Kelly Coleen Horan Florio, Assistant United States Attorney (Kathleen A. Mahoney and Varuni Nelson, Assistant United States Attorneys, on the brief), for Benton J. Campbell, United States Attorney, U.S. District Court for the Eastern of New York, for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. ERIC N. VITALIANO, District Judge.[2]

2. The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Carrie Hurdle Brickhouse sought disability benefits on the grounds that she was disabled due to an on-the-job accident. After considering evidence from Brickhouse and seven physicians who had treated her, an administrative law judge ("ALJ") denied her claim, finding that she had sufficient residual functional capacity to perform her work as an office aide. The Social Security Appeals Council declined to review the ALJ's determination, thus rendering it the final determination of the Commissioner of Social Security. Brickhouse sought relief in the United States District Court for the Eastern District of New York (Townes, J.), but the court granted Defendant–Appellee Barnhart's motion for judgment on the pleadings. On appeal from that decision, Brickhouse argues that (1) the ALJ erred by failing to give proper weight to the testimony of her treating physicians; (2) the ALJ's determination that she can still work is not supported by substantial evidence; and (3) we should find that she is entitled to benefits and remand solely for a calculation of benefits.

When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion. *Schaal v. Apfel,* 134 F.3d 496, 500–01 (2d Cir.1998). Although "we undertake our own plenary review of the administrative record, ... in examining the ALJ's decision, it is not our function to determine *de novo* whether [claimant] is disabled." *Id.* at 501 (internal quotation marks and citation omitted). Instead, we "determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are

based on an erroneous legal standard.'" *Id.* (internal quotation marks omitted).

Among the legal standards governing an ALJ's determination, the one most relevant to the present appeal is the treating physician rule, which requires an ALJ to give a treating physician's opinion "controlling weight" if the physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The regulations define "treating source" as the claimant's "own physician, psychologist, or other acceptable medical source who provides [a claimant] ... with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

Eight different physicians concluded, for varying reasons and to varying degrees, that Brickhouse had limited physical abilities and suffered debilitating pain. Of these, the two treating physicians who had the most extensive relationships with Brickhouse—Kohut and Bieber—are also the two whose opinions most strongly support her claim that she lacks the residual functional capacity to perform her past "sedentary" work as an office aide. The ALJ acknowledged that Brickhouse's treating physicians concluded that she is "unable to perform a full range of sedentary work" and is "totally disabled." The ALJ nonetheless discounted these opinions, apparently concluding that they conflicted with other evidence in the record and were not supported by sufficient objective medical evidence. Having carefully reviewed the record and the thorough briefing before us, we conclude that in the particular circumstances of this case, the ALJ erred by discounting the treating physicians' determinations.

The factors that must be considered when the treating physician's opinion is not given controlling weight include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Clark v. Commissioner of Social Sec.,* 143 F.3d 115, 118 (2d Cir.1998). Here, all four of these factors—especially the first, second, and fourth—weigh in favor of the opinions of Drs. Kohut and Bieber. We note in particular that the various medical tests taken were consistent with their conclusion that Brickhouse suffered from pain and limited abilities. The ALJ, however, found conflicts and weaknesses where none existed and essentially followed the findings of a state disability adjudicator ("M Nahmias") who was not a physician, who never saw the petitioner, and who appears to have relied on a report written by Dr. Seo, a physician hired by the Government who examined Brickhouse just once. This was error.

Accordingly, we conclude that the ALJ violated the treating physician rule. And for substantially the same reasons as the ALJ erred in privileging the evidence given by the non-physician consultant over that provided by Drs. Kohut and Bieber, the ALJ also erred in his weighing of the evidence as a whole. Once proper weight is given to the opinions of Brickhouse's treating physicians, the ALJ's decision is not supported by substantial evidence. The treating physicians' opinions that Brickhouse could *not* perform sedentary work are generally corroborated by the findings of the half-dozen other doctors who treated Brickhouse.

We cannot, however, remand this case solely for calculation of an award, as Brickhouse urges us to do. Agency rules pro-

mulgated under the Social Security Act outline a five-step analysis to determine disability. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fifth step of this process provides: "If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step...." *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir.2000). Because the ALJ found that Brickhouse was able to perform her past work, this fifth step was never performed. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Accordingly, the Commissioner has not had the opportunity to try to show that there is other work that Brickhouse can perform, and we cannot order an award until the Commissioner has had that chance.

We therefore VACATE the judgment and REMAND to the District Court. On remand, the District Court should remand the proceeding to the Social Security Administration with instructions to perform the fifth step of analysis required by the regulations, consistent with the holdings in this summary order. While it is improper to impose a deadline, since the fifth step has not yet been performed, *Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir.2005), given the near decade that has elapsed since the disabling event suffered by petitioner, the Court urges the Commissioner to remand to resolve the matter with all due expedition.