10-3818-cv
Lamond v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of October, two thousand eleven.

PRESENT:   ROGER J. MINER,
    REENA RAGGI,
     *Circuit Judges.*[*]
-------------------------------------------------------------
TERRY F. LAMOND,
    *Plaintiff-Appellant*,


    v.                   10-3818-cv


MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,
    *Defendant-Appellee*.[**]
-------------------------------------------------------------

FOR APPELLANT:   JAYA SHURTLIFF (Howard D. Olinsky, *on the brief*), Olinsky & Shurtliff, Syracuse, New York.

---

[*] Circuit Judge Robert D. Sack, who was a member of this panel, recused himself. The remaining two panel members agree on the disposition and decide this appeal pursuant to Second Circuit Internal Operating Procedure E(b).

[**] Social Security Commissioner Michael J. Astrue is automatically substituted for his predecessor, Joanne B. Barnhart, pursuant to Fed. R. App. P. 43(c)(2).

FOR APPELLEE:               SUSAN REISS, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Social Security Administration, *on the brief*) *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 2, 2010, is AFFIRMED.

Plaintiff Terry F. Lamond appeals from the district court's affirmance of a decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security disability benefits.  In such a case, we review the administrative record de novo and will uphold the Commissioner's decision if it is supported by substantial evidence and the correct legal standards were applied.  See Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010); see also Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) ("Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)).  In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Listing Determination

Lamond submits that the Administrative Law Judge ("ALJ") erred in concluding that his congenital lymphedema, statis dermatitis, and ulceration were insufficiently severe to meet or medically equal the listed impairment for chronic venous insufficiency of a lower

2

extremity. See 20 C.F.R. Part 404, Subpart P, App'x 1, § 4.11. Section 4.11 defines chronic venous insufficiency as requiring an "incompetency or obstruction of the deep venous system" and (a) "[e]xtensive brawny edema" involving "at least two-thirds of the leg between the ankle and knee or the distal one-third of the lower extremity between the ankle and hip" or (b) "[s]uperficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment." Id.

With regard to "incompetency or obstruction of the deep venous system," the ALJ noted a Doppler/Duplex study that showed no evidence of deep venous thrombosis. The ALJ also noted the opinion of Dr. H.C. Alexander, an independent medical expert, that Lamond's records did not show an obstruction or mention venous valvular incompetence or insufficiency. Dr. Richard Finley, a state agency medical consultant, opined that lymphedema "is not closely analogous to chronic deep-vein disease." R. at 295; see 20 C.F.R. Part 404, Subpart P, App'x 1, § 4.00(G)(4)(b) (noting that lymphedema does not meet § 4.11's requirements although it may medically equal severity of that listing). Substantial evidence therefore supports the ALJ's determination that Lamond's condition did not meet § 4.11's threshold requirement. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (noting disability claimant's burden to demonstrate that impairment meets "all of the specified medical criteria" (emphasis in original)).

Substantial evidence also supports the ALJ's conclusion that Lamond's impairments did not meet or medically equal the other listing requirements. The listing defines "extensive brawny edema," as "swelling that is usually dense and feels firm," is "associated with

3

characteristic skin pigmentation changes," and "generally does not pit (indent on pressure)." 20 C.F.R. Part 404, Subpart P, App'x 1, § 4.00(G)(3). Although Lamond's edema is occasionally described as tense, nonpitting, or three-plus, other records mention only "minimal" or "pitting" edema. Dr. Alexander explained that such sporadic references to nonpitting edema did not demonstrate edema as severe as "extensive brawny edema," and that no records described the brown skin-color change usually associated with that condition. Dr. Alexander also opined that Lamond's ulceration failed to satisfy the listing requirement because his medical records focused on only one ulcer secondary to a skin abrasion. Indeed, while this ulcer lasted for at least three months, Dr. Ganesh noted in September 2001 that it had partially healed. In 2003, Dr. Ganesh examined Lamond and noted that he had no ulcers.

In urging otherwise, Lamond contends that the ALJ failed to give controlling weight to the opinion of his treating physician, Dr. Douglas Wilson. See 20 C.F.R. § 404.1527(d)(2) (stating that treating physician's opinion regarding impairment's nature and severity is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record"); see also Poupore v. Astrue, 566 F.3d 303, 307 (2d Cir. 2009). We are not persuaded. Here, the ALJ properly determined that Dr. Wilson's disability opinion was unsupported or inconsistent with other record evidence.[1] Dr. Wilson's treatment notes do not

---

[1] Lamond asserts that the ALJ failed to acknowledge Dr. Wilson's opinion that Lamond's impairment satisfied § 4.11's listing criteria. We disagree. Despite erroneously noting the date of Dr. Wilson's letter, the ALJ cited the correct exhibit number and stated that Dr. Wilson's conclusions were inconsistent with other record evidence.

4

mention incompetency or obstruction of the deep venous system. They also do not describe symptoms consistent with "extensive brawny edema" despite mentioning edema. Although Dr. Wilson described Lamond as suffering from recurrent ulcers in 2001, he stated that the ulcers healed with persistent dressing. In 2004, Dr. Wilson noted that Lamond's skin had improved and did not mention any ulcers. Moreover, other medical evidence and the opinions of Dr. Alexander, Dr. Ganesh, and Dr. Finley described above were inconsistent with Dr. Wilson's disability assessment.[2]

Lamond further contends that the ALJ erred in requesting the opinion of an independent medical expert. Because Lamond forfeited this argument by failing to raise it before the district court, we need not consider it. See, e.g., Kendall v. Emps. Ret. Plan of Avon Prods., 561 F.3d 112, 123 (2d Cir. 2009). In any event, Social Security Ruling 96-6p, which Lamond relied upon, pertains to when an ALJ must obtain an updated expert opinion. See SSR 96-6p, 1996 WL 374180, at *3–4 (July 2, 1996). This ruling does not prevent an ALJ from requesting and considering medical expert opinions in other circumstances. See 20 C.F.R. § 404.1527(f)(2)(iii) (stating that ALJs may request and consider medical experts' opinions regarding impairment's "nature and severity" and whether it equals listing

---

[2] A state agency review physician's opinion that Lamond's impairment equaled the severity of § 4.11 does not warrant a different conclusion. Although the ALJ did not acknowledge expressly this opinion, "we do not require [the ALJ to] have mentioned every item" of evidence if the "record permits us to glean" his rationale. Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983). Here, the same rationale that supported the ALJ's decision not to give controlling weight to Dr. Wilson's opinion applies to the recommendation of the state review physician.

requirements); see also id. § 416.927(f)(2)(iii).

Accordingly, we reject Lamond's challenge to the ALJ's listing determination as without merit.

2.      Residual Functional Capacity Determination

Lamond asserts that the ALJ again misapplied the treating physician rule in not affording Dr. Wilson's residual functional capacity opinion controlling weight. On February 8, 2005, Dr. Wilson opined that Lamond could sit for four hours in an eight-hour day and stand or walk for less than two hours per day. He further stated that Lamond needed to elevate his legs at heart level for 25–50% of the day and was restricted to lifting occasionally less than ten pounds. Dr. Wilson's opinion, however, was inconsistent with his own treatment notes recommending that Lamond refrain only from jobs requiring eight hours of standing per day or climbing ladders, bending, and kneeling. Dr. Wilson also provided a more restrictive residual capacity assessment on February 14, 2005, without explanation.

While an ALJ may not reject a treating physician's opinion based "solely" on internal conflicts in that physician's clinical findings, Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998), here the record contains other medical opinions at odds with Dr. Wilson's conclusions. Specifically, Dr. Ganesh stated after examining Lamond in 2001 that petitioner had no sitting limitation and had moderate-to-severe limitations in standing, walking, and climbing. Although Dr. Ganesh opined that Lamond should elevate his legs, Dr. Finley, who did not examine Lamond, observed that the "issue of whether leg elevation will aid" ulcer healing is "scientifically unresolved." R. at 281. Citing reports that Lamond walked

6

normally, performed daily living activities, and did not report significant pain, Dr. Finley determined that Lamond could sit for six hours per day without leg elevation and stand or walk for two hours per day. After another examination in 2003, Dr. Ganesh determined that Lamond had no limitations in sitting, standing, or the use of his upper extremities, but noted that Lamond should avoid prolonged standing, walking, and climbing. At that time, Dr. Ganesh did not repeat his earlier recommendation of leg elevation. Moreover, upon review of Lamond's records, Dr. Alexander concluded that petitioner could sit for six hours per day, stand or walk for four hours per day, occasionally lift fifty pounds, and frequently lift twenty-five pounds. While Lamond disputes these determinations, the record provides a sufficient basis for the ALJ's decision not to give controlling weight to Dr. Wilson's opinion. It also provides substantial evidence to support the ALJ's ultimate residual capacity determination.

Further, because the record evidence was adequate to permit the ALJ to make a disability determination, we identify no merit in Lamond's claim that the ALJ was obligated sua sponte to contact Dr. Wilson again. See 20 C.F.R. §§ 404.1512(e), 416.912(e); see also Perez v. Chater, 77 F.3d 41, 47–48 (2d Cir. 1996).

3.   Vocational Expert

Finally, Lamond contends that the ALJ erred in relying on the testimony of a vocational expert because the expert's opinion was based on a flawed assessment of Lamond's residual functional capacity. Because we have concluded already that substantial record evidence supports that assessment, we necessarily reject Lamond's vocational expert challenge. See Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (noting that

Commissioner may rely on testimony of vocational expert), reh'g granted in part and denied in part, 416 F.3d 101 (2d Cir. 2005); Dumas v. Schweiker, 712 F.2d 1545, 1553–54 (2d Cir. 1983) (holding that vocational expert's testimony satisfied Commissioner's evidentiary burden where it was based on substantial record evidence).

4.      Conclusion

We have considered Lamond's other arguments on appeal and conclude that they are without merit.  Accordingly, we AFFIRM the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court