13-1971-cv
*Henry v. Colvin*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand fourteen.

PRESENT: RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

---

PATRICK HENRY,

*Plaintiff*,

KATHLEEN EGAN HENRY,

*Plaintiff-Appellant*,

-v.- No. 13-1971-cv

CAROLYN W. COLVIN, Commissioner of Social Security,

*Defendant-Appellee.*[*]

---

FOR APPELLANT: JOHN V. HENRY, Henry & Regan-Henry, White Plains, NY.

FOR APPELLEE: LESLIE A. RAMIREZ-FISHER, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

---

Appeal from the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Kathleen Egan Henry appeals from an order and judgment by the United States District Court for the Southern District of New York (Forrest, *J.*) affirming the decision of the Commissioner of Social Security denying her late husband Patrick Henry's application for disability insurance benefits. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

[*] The clerk of the court is directed to amend the official caption as set forth above.

Pursuant to an order issued by the district court, *Henry v. Astrue*, No. 07 Civ. 0957(WCC), 2008 WL 5330523 (S.D.N.Y. Dec. 17, 2008) ("*Henry II*"), a supplemental administrative hearing was held on April 16, 2009 to allow Henry an opportunity to further cross-examine the vocational expert whose testimony underlay the Commissioner's earlier determination that he was not disabled.

Appellant contends that the remand hearing violated Henry's right to due process because the Commissioner did not provide him with the employment data supporting the vocational expert's testimony within the thirty-day deadline set by the *Henry II* order and because the Commissioner failed to provide, in addition to the expert's data, copies of handwritten notes the vocational expert used to assist his testimony.

We conclude that Henry's due process rights were satisfied by the 2009 hearing. Not only did the expert identify the sources he generally consulted, *cf. Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 450 (2d Cir. 2012), but on two occasions Henry received copies of those materials—once in 2007 as part of the administrative record filed with the Commissioner's answer in *Henry II* and a second time at the 2009 hearing. Henry's due process rights were satisfied, and the Commissioner's delay in providing the materials was harmless.

We also reject Appellant's theory that the vocational expert's destruction of his handwritten notes and the original copies of the data on which he relied in his original 2005 testimony constitutes spoliation and warrants remand for calculation of benefits. The evidentiary rules applicable in court proceedings do not apply to Social Security hearings, 42 U.S.C. § 405, and the vocational expert did all that was required by identifying the sources he generally consulted. *See Brault*, 683 F.3d at 450.

Next, Appellant argues that remand is warranted because the vocational expert's testimony was by telephone rather than in person. Appellant frames the issue in terms of due process, but the cases she cites determined that telephonic testimony was inconsistent with Social Security Administration ("SSA") regulations and made no due process conclusions. *See, e.g.*, *Koutrakos v. Astrue*, 906 F. Supp. 2d 30, 33–35 (D. Conn. 2012). However, even assuming, without deciding, that the vocational expert's testimony by telephone was inconsistent with due process and SSA regulations as they existed at the time of Henry's 2009 remand hearing,[1] the error was harmless. The record shows that Henry's counsel stated no objection to the expert's testimony and suffered from no technical

[1] SSA regulations effective June 20, 2013 expressly permit testimony by telephone as an alternative to in person or video testimony. *See* 20 C.F.R. § 404.936(c) (2013).

difficulties or time constraints that limited the effectiveness of his cross-examination, and on appeal Appellant alleges no specific prejudice.

Appellant also argues for remand and an award of benefits based on the Commissioner's failure to provide Henry with the required employment data within the thirty-day deadline ordered by *Henry II*. In *Butts v. Barnhart*, 416 F.3d 101 (2005), we reasoned that where a claimant has met his burden to show disability and the Commissioner, by delay, has failed to meet his burden of rebuttal by offering a vocational expert to show that the claimant could perform work, remand is appropriate because "[i]f the record [were] closed without such testimony, [claimant would] be entitled to benefits." *Id.* at 104. Here, however, the Commissioner carried the burden to show employment opportunities in the national economy, and the matter was remanded solely for cross-examination and rebuttal evidence. Had the record been closed without additional evidence, the Commissioner, not Henry, would have prevailed. "[A]bsent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).

Finally, our review of the record satisfies us that the vocational expert's testimony provided substantial evidence for the Commissioner's determination that there were jobs available to Henry in the national economy.

We have considered the remainder of Appellant's arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk