09-3642-cv
Salmini v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

Present:    RALPH K. WINTER,
            ROBERT A. KATZMANN,
                            *Circuit Judges*,
            JED S. RAKOFF,
                            *District Judge.*[*]

_____

JAMES SALMINI,

                    *Plaintiff-Appellant,*

                    - v -                         No. 09-3642-cv

COMMISSIONER OF SOCIAL SECURITY,

                    *Defendant-Appellee.*

_____

For Plaintiff-Appellant:         JAYA A. SHURTLIFF, Olinsky & Shurtliff,
                                 Syracuse, N.Y.

For Defendant-Appellee:          SHEENA V. BARR, Special Assistant United
                                 States Attorney (Stephen P. Conte, Acting

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant James Salmini appeals from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) entered June 23, 2009, adopting the Report and Recommendation of Magistrate Judge David E. Peebles dated December 16, 2008, dismissing plaintiff's complaint, and thereby affirming the decision of the Commissioner of the Social Security Administration denying plaintiff's application for disability benefits. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"In reviewing the denial of [Social Security] benefits by the [Commissioner], 'our focus is not so much on the district court's ruling as it is on the administrative ruling.'" *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (alterations in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998)) (internal quotation marks omitted). "It is not our function to determine *de novo* whether [a plaintiff] is disabled . . . ." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Instead, "[w]e set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa*, 168 F.3d at 77 (alterations in original) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Pratts*, 94 F.3d at 37

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted).

Accordingly, we "may not substitute [our] own judgment for that of the [Commissioner], even if

[we] might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of

Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

To be "disabled" under the Social Security Act, a claimant must demonstrate an "inability

to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The impairment must be "of such severity that [the claimant] is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

In order to evaluate disability claims, the Social Security Administration ("SSA") has

promulgated the following five-step procedure:

> First, the [Commissioner] considers whether the claimant is currently engaged in
> substantial gainful activity.  If he is not, the [Commissioner] next considers
> whether the claimant has a "severe impairment" which significantly limits his
> physical or mental ability to do basic work activities.  If the claimant suffers such
> an impairment, the third inquiry is whether, based solely on medical evidence, the
> claimant has an impairment which is listed in Appendix 1 of the regulations.  If
> the claimant has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age, education, and work
> experience . . . .  Assuming the claimant does not have a listed impairment, the
> fourth inquiry is whether, despite the claimant's severe impairment, he has the
> residual functional capacity to perform his past work.  Finally, if the claimant is
> unable to perform his past work, the [Commissioner] then determines whether
> there is other work which the claimant could perform.

*Rosa*, 168 F.3d at 77 (alterations and omissions in original) (quoting *Berry v. Schweiker*, 675

F.2d 464, 467 (2d Cir. 1982) (per curiam)); *see also* 20 C.F.R. § 404.1520. "Once a disability claimant proves that his severe impairment prevents him from performing his past work" at step four, the Commissioner "then has the burden of proving that the claimant still retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa*, 168 F.3d at 77 (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

Here, plaintiff first argues that the ALJ erred at step 3 when he failed to conclude that plaintiff's cardiac condition meets the criteria of Listing 4.04(C) in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Plaintiff's argument in this respect was raised for the first time on appeal, and is thus arguably waived. *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam) (noting that where the Social Security "claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review"); *accord Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000) (arguments raised for the first time on appeal are ordinarily waived).

Even if not waived, plaintiff's argument is without merit. In order to satisfy the criteria of Listing 4.04(C), plaintiff was required to offer evidence that he suffered from coronary artery disease "[r]esulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 4.04(C)(2). Plaintiff testified, however, that he engaged in a broad range of activities on a daily or occasional basis, including driving, meeting a friend for coffee, "putt[ing] around" with his friend and helping his friend work on old cars, going to car shows or motor car meetings, and helping with household chores every "once in a while." Plaintiff also testified that he could sit 4-5 hours in an 8-hour day with normal breaks, that he does "pretty good" walking around, and that he can stand

and walk up to 2 1/2 hours in an 8-hour day. Such testimony provides substantial evidence in support of the ALJ's conclusion that plaintiff "performs a fairly high level of independent activities of daily living," and that plaintiff's coronary artery disease was "not 'severe' enough to meet or medically equal" any of the listed impairments.

Plaintiff also argues that the ALJ failed to adequately set forth the reasons for his determination at step 3, thus precluding meaningful judicial review. Although we have cautioned that an ALJ "should set forth a sufficient rationale in support of his decision to find or not to find a listed impairment," the absence of an express rationale for an ALJ's conclusions does not prevent us from upholding them so long as we are "able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence." *Berry*, 675 F.2d at 469. Here, although the ALJ might have been more specific in detailing the reasons for concluding that plaintiff's condition did not satisfy a listed impairment, other portions of the ALJ's detailed decision, along with plaintiff's own testimony, demonstrate that substantial evidence supports this part of the ALJ's determination. Accordingly, because this is not a case "in which we would be unable to fathom the ALJ's rationale in relation to evidence in the record," *id.* at 469, there is no need for us to remand this case to the ALJ for clarification. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (per curiam) (noting that when "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability").

Plaintiff next takes issue with the ALJ's credibility determination, arguing that it was not

5

supported by substantial evidence. Generally speaking, it is the function of the ALJ, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Caroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). In making a credibility determination, the ALJ must consider all of the evidence before him, including the claimant's testimony itself. *See* Social Security Ruling 96-7p, 1996 SSR LEXIS 4. Here, the ALJ found plaintiff's allegations to be "partially credible," in that "his impairments are consistent with a degree of pain and other symptoms, but not to the extent or severity alleged." Our review of the record demonstrates that substantial evidence supports the ALJ's credibility determination.

Specifically, as already noted, plaintiff testified that he engaged in a broad range of activities. Although some of these activities were limited in some respects, plaintiff's testimony nevertheless directly undercuts his allegation that he was unable to do "anything" or to work an 8-hour workday. The evidence before the ALJ regarding plaintiff's ability to sit, stand, and move about is likewise inconsistent with the breadth of plaintiff's allegations, and, as the ALJ correctly noted, plaintiff himself admitted to "a greater degree of functionality than that found by Dr. Wasco," the treating physician. Although plaintiff points to a handful of purported inaccuracies in the ALJ's description of plaintiff's activities, none of these inaccuracies cut against, or have any bearing on, the ALJ's ultimate conclusion with respect to plaintiff's credibility. In short, because substantial evidence support the ALJ's credibility determination, there is no basis for us to disturb it here. *See Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984).

Plaintiff further argues that the ALJ's Residual Functional Capacity ("RFC") assessment

6

was not supported by substantial evidence. "The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)) (internal quotation marks and alteration omitted). According to the rule, "[t]he opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence." *Rosa*, 168 F.3d at 78-79; *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "[T]he opinion of the treating physician is not afforded controlling weight," however, where "the treating physician issued opinions that are not consistent with other substantial evidence in the record." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam).

Here, as noted above, we see no error in the ALJ's general decision to adopt Dr. Wasco's findings except insofar as plaintiff admitted "to a greater degree of functionality than that found by Dr. Wasco." For that reason, we see no error in the ALJ's decision to credit plaintiff's testimony that he could lift 35 pounds, rather than merely 10 pounds as opined by Dr. Wasco. *See Wright v. Barnhart*, 473 F. Supp. 2d 488, 493 (S.D.N.Y. 2007) (affirming denial of benefits where "[t]he ALJ rejected the treating physicians' analyses only as far as they conflicted with Plaintiff's testimony about how her impairments affected her functional capacity"). Indeed, there is no dispute that plaintiff believed (and continues to believe) that he can lift up to 35 pounds. Although plaintiff takes issue with the ALJ's conclusion that plaintiff can lift up to 35 pounds "occasionally," plaintiff unequivocally testified that he could do so "every now and then," testimony that reasonably could be interpreted as referring to an ability to lift that weight on an occasional basis. The ALJ, as the factfinder, was in the best position to interpret and assess plaintiff's testimony regarding his ability to lift, and gave plaintiff multiple opportunities to

7

clarify or limit his testimony in this respect. Plaintiff repeatedly failed to do so. Moreover, the affidavit that plaintiff later submitted to the Appeals Council directly conflicts with plaintiff's testimony before the ALJ, and thus fails to undercut the ALJ's determination with respect to plaintiff's ability to lift. Accordingly, based on the record before us, we are satisfied that the ALJ's RFC assessment was supported by substantial evidence.

Because we find no error in the ALJ's RFC assessment, we likewise conclude that the ALJ did not err in posing a hypothetical question to the vocational expert that was based on that assessment. *See Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983) (approving a hypothetical question to a vocational expert that was based on substantial evidence in the record).

Finally, plaintiff argues that the ALJ did not reconcile certain purported inconsistencies between the vocational expert's testimony and information contained in the Dictionary of Occupational Titles ("DOT"), in contravention of Social Security Ruling 00-4p. After careful review of the record, we see no "conflict" between the vocational expert's testimony and the DOT. Accordingly, we are satisfied that substantial evidence supports the ALJ's conclusion that plaintiff possessed the "highly marketable skills" identified by the vocational expert, and that the Commissioner met its burden of "prov[ing] . . . that the claimant is capable of working." *Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005) (omission in original) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)).

We have considered the remainder of plaintiff's arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8