Snyder v. Colvin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        REENA RAGGI,
        DENNY CHIN,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

CHASITY SNYDER,
      <u>Plaintiff-Appellant</u>,

      -v.-                        15-3502

CAROLYN COLVIN,
Commissioner of Social Security,
      <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**        MARK SCHNEIDER, Plattsburgh, New York.

**FOR APPELLEES:**        FERGUS KAISER, Special Assistant U.S. Attorney (with Stephen P. Conte, Regional Chief Counsel – Region II Office of the General

Counsel Social Security Administration, on the brief), for Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Chasity Snyder appeals from the district court's affirmance of a decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security disability benefits. We review the administrative record de novo, and will uphold the Commissioner's decision if it is supported by substantial evidence and the correct legal standards were applied. <u>See</u> <u>Talavera v. Astrue</u>, 697 F.3d 145, 151 (2d Cir. 2012) ("Substantial evidence . . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)); <u>Zabala v. Astrue</u>, 595 F.3d 402, 408 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. The plaintiff argues that the district court applied an incorrect standard of review, but does not support the argument with record evidence or citation to any portion of the district court ruling. The standard of review is "very deferential." <u>Brault v. Soc. Sec. Admin., Comm'r</u>, 683 F.3d 443, 448 (2d Cir. 2012). "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." <u>City of Syracuse v. Onondaga Cty.</u>, 464 F.3d 297, 308 (2d Cir. 2006) (internal quotation marks omitted).

2. The ALJ acknowledged that the plaintiff's cervical condition, obesity, and depression were impairments, but found that they did not rise to the level of a disability. The plaintiff argues that she was disabled by the "combination" of her spinal disorders, mental impairments, obesity, and other "exertional and non-exertional limitations." However, the ALJ considered her impairments in combination, as well as separately. <u>See</u> <u>Rivers v.</u>

Astrue, 280 F. App'x 20, 23 (2d Cir. 2008) (summary order) (rejecting allegations that the ALJ failed to consider impairments in combination where record showed that each ailment and its cumulative effects was considered).

3.   Snyder argues that the ALJ gave too much weight to the medical opinion of the consulting psychologist.  The opinion of a treating physician is not binding if it is contradicted by substantial evidence, and a consulting physician report may constitute such evidence.  See Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983).  Here, the consulting psychologist opinion was consistent with other medical evidence and was supported by substantial evidence; the ALJ therefore did not err in affording his opinion great weight.

4.    Snyder argues that the ALJ erred by not crediting her testimony.  The Commissioner is not obligated to credit a claimant's testimony about her limitations and symptoms, but has discretion to evaluate the claimant's credibility in light of the evidence in the record.  See Genier v. Astrue, 606 F.3d 46, 50 (2d Cir. 2010).  The ALJ determined that, while Snyder's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Snyder's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible.  The ALJ specifically analyzed Snyder's claims of neck pain, arm numbness, obesity, and depression; as to each condition, the ALJ cited specific medical evidence in the record and concluded that the alleged limitations were without support.  Accordingly, the ALJ sufficiently explained the credibility determination and committed no error.

5.    Snyder argues that the ALJ erroneously relied upon the lack of "formal mental health treatment" to deny her appeal.  The ALJ considered and discussed Snyder's "history of treatment for depression," which included prescription antidepressants from her primary care physician.  The ALJ's credibility assessment observed that the plaintiff never sought "formal mental health treatment" (such as counseling or psychiatric care).  Although an ALJ may find a plaintiff less credible if she failed to seek medical treatment, an ALJ is obligated to consider any explanation a plaintiff may have for such failure, see SSR 16-3p, 81 Fed. Reg. 14,166, 14,170-71 (Mar. 16, 2016), and here the ALJ did not consider

3

any reasons why the plaintiff did not seek "formal mental health treatment."

Despite this error, the credibility determination was supported by other substantial record evidence as discussed above. Furthermore, the lack of formal mental health treatment was just one of multiple factors considered in assessing the plaintiff's credibility, including that Snyder's allegations were unsupported by objective medical evidence, and so any error was harmless.

6. Snyder argues that the Commissioner did not satisfy her burden to show at Step 5 that she could not perform work in the national economy. When the hypothetical posed to the vocational expert is based on a residual functional capacity finding that is supported by substantial evidence, the hypothetical is proper and the ALJ is entitled to rely on the vocational expert's testimony. See Dumas v. Schweiker, 712 F.2d 1545, 1554 (2d Cir. 1983); see also Salmini v. Comm'r of Soc. Sec., 371 F. App'x 109, 114 (2d Cir. 2010) (summary order). Here, the ALJ's hypothetical to the vocational expert closely paralleled the ALJ's residual functional capacity finding, which was supported by substantial evidence. Accordingly, the plaintiff's challenge fails.

For the foregoing reasons, and finding no merit in the plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK