**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY L. GIBBS,

        Plaintiff-Appellant,

v.

LARRY G. MASSANARI,[*] Acting
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 01-6048
(D.C. No. 00-CV-166-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** [**]

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

[*]      On March 29, 2001, Larry G. Massanari became the Acting Commissioner
of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Massanari is substituted for William A. Halter as the
appellee in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Terry L. Gibbs, representing himself, appeals from the denial of his second application for Social Security disability and supplemental security income (SSI) benefits. In his first application, he asserted that he became disabled on July 27, 1991, due to arthritis in his left hip and pain remaining after the replacement of his left hip in December 1991. That application was denied by the administrative law judge (ALJ) on July 21, 1992. The Appeals Council denied review making the ALJ's decision the final agency decision. The denial was upheld upon judicial review.

Plaintiff's second application for benefits alleged a disability beginning on July 27, 1991, due to pain following his hip replacement and kidney problems. Admin. Rec. at 313. The ALJ denied plaintiff's request to reopen his first application because he had presented no new and material evidence that could change the result and it was therefore res judicata. Id. at 313-14. For this reason, the ALJ considered only whether plaintiff was disabled on or after July 22, 1992. Id. at 314. The ALJ determined, at step four, that plaintiff was "only slightly more limited than was earlier thought," id. at 319, and, at step five, that he was still able to work with his impairments, id. Therefore, on May 28, 1997, the ALJ denied plaintiff's second application. Id. at 323. The Appeals Council denied

review, id. at 4, making the ALJ's decision the final agency decision.  The district court adopted the magistrate judge's recommendation to uphold this second denial.

We have jurisdiction to review the ALJ's denial of plaintiff's second application for benefits under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  The ALJ's decision not to reopen plaintiff's first application for benefits, however, was discretionary and is not subject to judicial review under § 405(g).        Brown v. Sullivan , 912 F.2d 1194, 1196 (10th Cir. 1990).  Therefore, the relevant period to be adjudicated began on July 22, 1992.  In addition, plaintiff's disability insurance expired on December 31, 1996, and he must demonstrate that he became disabled before that date to obtain disability benefits.       See 20 C.F.R. § 404.130.  Because eligibility for SSI benefits does not depend on insurance, plaintiff must demonstrate that he was disabled by May 28, 1997, to obtain SSI benefits on this second application.     See id. § 416.202.  We review the ALJ's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. Goatcher v. United States Dep't of Health & Human Servs.      , 52 F.3d 288, 289 (10th Cir. 1995).

Plaintiff argues on appeal that:  (1) the district judge, the Honorable Vicki Miles-LaGrange, was under a conflict of interest in this case because she was the

United States Attorney at the time that the denial of plaintiff's first application was on appeal to this court; (2) the district court failed to provide a de novo review of the magistrate judge's November 21, 2000 recommendation because it was lost until January 4, 2001, and because the district court reached the wrong conclusions; (3) the ALJ erroneously relied conclusively on the medical-vocational guidelines, 20 C.F.R., pt. 404, subpt. P, app. 2, to determine that plaintiff was not disabled; (4) the record as a whole does not provide substantial evidence to support the agency's determination that plaintiff is not disabled; (5) the magistrate judge's recommendation is clearly erroneous; and (6) the district court should remand the claim to the agency under sentence six of 42 U.S.C. § 405(g), based on new medical evidence.

We reject plaintiff's claim that Judge Miles-LaGrange was under a conflict of interest in this case. The agency concedes that the judge, while she was the United States Attorney, was of counsel when plaintiff's first application was adjudicated. Recusal is not required under 28 U.S.C. § 455(b)(3), however, where the United States Attorney was of counsel and did not actively participate in the case. See United States v. Gipson, 835 F.2d 1323, 1326 (10th Cir. 1988). Plaintiff has not demonstrated that Judge Miles-LaGrange's impartiality might reasonably be questioned in this case. See 28 U.S.C. § 455(a).

We also reject plaintiff's argument that the district court may have failed to review de novo the magistrate judge's recommendation. The district court issued its decision on January 26, 2001. Even assuming that the magistrate judge's recommendation was "lost" until January 4, 2001, the district court had sufficient time to review the recommendation de novo, and the court stated that it performed the required de novo review. Plaintiff's dispute with the outcome does not demonstrate that the district court failed to review the magistrate judge's recommendation de novo. In addition, we have reviewed the ALJ's decision under the same standard the magistrate judge and district court used.

Plaintiff has submitted new medical evidence showing that he now has prostate cancer and back problems. All of his new evidence is dated between October 6, 1999 and February 16, 2001, however, and it is outside the relevant period for the application being reviewed.

Plaintiff contends that the ALJ improperly relied on the medical-vocational guidelines to determine conclusively that he was not disabled. Based on our review of the record, plaintiff did not raise this argument to the district court until he filed his objections to the magistrate judge's report and recommendation. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). Therefore, we do not address this argument.

We have carefully reviewed the record in light of the applicable standard of review. The ALJ's decision is supported by substantial evidence and the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge