FILED
United States Court of Appeals
Tenth Circuit

December 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERRY L. GIBBS,

     Plaintiff–Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

     Defendant–Appellee.

No. 11-6076
(D.C. No. 5:05-CV-01189-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

Terry Gibbs, appearing pro se, appeals the district court's order reversing

the administrative decision of the Commissioner of the Social Security

Administration ("Commissioner") and remanding the case to the agency for

further proceedings under sentence four of 42 U.S.C. § 405(g) ("Sentence Four

Remand").  Gibbs argues the district court abused its discretion by remanding for

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

further proceedings when it should have simply granted his "Motion For Judgment as a Matter of Law" and awarded him benefits. Because the remand was appropriate, we affirm the district court's decision.

**I**

Gibbs first applied for social security disability benefits in 1991, alleging that he became disabled on July 27, 1991, due to arthritis in his left hip and pain from having the hip replaced. An Administrative Law Judge ("ALJ") denied his application, the Appeals Council denied review, and the denial was upheld upon judicial review. Gibbs then filed a second application for benefits, once again asserting the 1991 onset date. On May 28, 1997, an ALJ denied this second application. The Appeals Council again denied review, and this court upheld the denial. Gibbs v. Massanari, 21 F. App'x 813 (10th Cir. 2001).

Gibbs filed his third application for benefits in 2000, alleging a disability onset date of December 8, 1999. In 2005, an ALJ found that Gibbs was disabled only as of December 30, 2004. The Appeals Council denied review of this decision. Gibbs subsequently filed a claim in district court alleging an earlier onset date. Prior to filing an answer, the Commissioner informed the court that he could not locate certain evidence relevant to Gibbs' claims. Accordingly, the district court remanded the case under sentence six of 42 U.S.C. § 405(g) ("Sentence Six Remand") for further proceedings. On remand, the ALJ once more found that Gibbs was disabled as of 2004. The district court reopened the

case in 2010, but found that certain evidence upon which the ALJ relied was absent from the administrative record. On motion, the court reversed and remanded under sentence four of 42 U.S.C. § 405(g) to allow the Commissioner to complete the administrative record.

**II**

The sole issue before us is whether the district court erred in ordering the Sentence Four Remand. Under sentence four of § 405(g), "the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Gibbs has the right to appeal the Sentence Four Remand under Forney v. Apfel. 524 U.S. 266, 269-71 (1998). In Forney, the Supreme Court held that remands under sentence four of 42 U.S.C. § 405(g) are considered "final" judgments that may be appealed. See id. at 269. Further, the Court held that a party can bring suit if an outright award of benefits is requested but not granted. Thus, a party "can appeal the District Court's order insofar as it denies [him] the relief [he] has sought." Id. at 271.

We liberally construe Gibbs' pro se filings. See Hall v. Witteman, 584 F.3d 859, 863 (10th Cir. 2009). There is a circuit split as to whether the proper standard of review of a district court's remand under sentence four of § 405(g) is de novo or for an abuse of discretion. See Butts v. Barnhart, 388 F.3d

-3-

377, 384-85 (2d Cir. 2004) (noting circuit split), amended by 416 F.3d 101 (2d Cir. 2005). We need not resolve this question, however, because our decision would be the same under either standard.

**A**

Gibbs' first argument attacking the remand is grounded in what he describes as a "fully favorable" administrative "decision" dated January 17, 1996. According to Gibbs, this decision is conclusive evidence that his disability manifested itself prior to 2004. Under this theory, the district court should have deferred to the 1996 "decision" and awarded Gibbs the benefits he requested despite the incomplete administrative record. Because he was allegedly entitled to an outright award of benefits, Gibbs concludes that the Sentence Four Remand was unnecessary and inappropriate.

Gibbs' argument is without merit. The January 17, 1996, administrative "decision" is, in reality, a single-page administrative form. Admin. R. at 300. The form is entitled "Report of Contact," and the "SUBJECT" part of the form it states "This case is being cleared based on Commissioner King's Disability Initiatives." Id. The form then has four descriptions that may be checked. The last of these is checked and reads: "Fully favorable medical/vocational decision, abbreviated PRTF, RFC and/or MRFC completed." Id. The form is then signed by someone at a "DISTRICT OFFICE" and dated January 17, 1996. Id. There is no further description in the record identifying the origins of this document or the

individual who signed it. Nevertheless, Gibbs wishes to treat this form as a final administrative decision in his favor.

The district court was not required to give this 1996 "decision" preclusive effect because Gibbs was estopped from asserting that he was disabled as of 1996. A May 28, 1997 ALJ decision considered—and denied—that Gibbs was disabled from 1992 to 1997. This decision was upheld upon judicial review by both a district court and this circuit. Under the doctrine of collateral estoppel, factual issues cannot be relitigated between the same parties in any future lawsuit following a final judgment. United States v. Rogers, 960 F.2d 1501, 1508 (10th Cir. 1992). Because Gibbs previously had a chance to litigate the question of his disability in 1996, and that question was fully adjudicated on the merits, he is now foreclosed from reopening that issue. Lombard v. Axtens, 739 F.2d 499, 502 (10th Cir. 1984).

**B**

In his reply brief, Gibbs attacks the remand by asserting that the missing evidence sought by the district court was either irrelevant or contained in the record. Gibbs offers little support for these claims. More importantly, however, Gibbs did not raise these arguments before the district court in opposing the remand. In fact, his reasons for challenging the remand below are completely unrelated to those he now presents. As a general rule, this court will not consider arguments that were not raised before the district court. Tele-Commc'ns, Inc. v.

-5-

<u>Comm'r</u>, 104 F.3d 1229, 1232 (10th Cir. 1997).  Accordingly, we decline to consider this challenge.

## C

Gibbs further argues that the district court erred procedurally in entering the remand order upon considering the Commissioner's motion and Gibbs' response.  He specifically asserts that the court could not properly act until the magistrate judge issued a report and recommendation on the remand motion.  Yet Gibbs offers no authority in support of such a requirement.  Nor does he indicate how this delay would have benefitted him, or what additional evidence he would have presented.  We thus find no basis for this claim.

## D

Finally, Gibbs avers that the district court was biased and was motivated to remand his case because of this bias.  Gibbs' bias claim is based on various unfavorable rulings made by the district court judge.  Our precedent, however, clearly forecloses this argument.  It is established that "[f]actors that <u>do not</u> merit disqualification [of a judge] include: . . . prior rulings that were adverse to the moving party . . . solely because they were adverse[.]"  <u>Estate of Bishop v. Equinox Intern. Corp.</u>, 256 F.3d 1050, 1058 (10th Cir. 2001).  Gibbs offers no other substantial evidence of bias, and as such, we reject his claim.

**III**

Our conclusion that the district court did not err in reversing and remanding the administrative decision renders the remaining issues raised by Gibbs moot. It was proper to reverse the administrative decision, and as such, the district court's rulings related to that decision need not be considered

The judgment of the district court is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge