FILED
United States Court of Appeals
Tenth Circuit

July 18, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY L. GIBBS,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,[*]

      Defendant-Appellee.

No. 13-6044
(D.C. No. 5:12-CV-01030-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Terry L. Gibbs, pro se, appeals from the district court's dismissal of his action

for lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]      In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in
this action.

[**]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Gibbs has sought Social Security benefits since 1991. *See Gibbs v. Astrue*, 449 F. App'x 744, 744-45 (10th Cir. 2011) (setting out history of Gibbs's pursuit of benefits). In the most recent round of litigation, the district court remanded his case to the agency for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Gibbs appealed, and we affirmed. *See id.* at 744. Among other things, we rejected Gibbs's argument that a fully favorable decision he received in 1996 was conclusive evidence that he was disabled prior to 2004. *Id.* at 745-46. We observed that the decision Gibbs relied on was in reality a one-page administrative form that stated his "'case is being cleared based on [the Commissioner's] Disability Initiatives'" and indicated a "'[f]ully favorable medical/vocational decision.'" *Id.* at 745-46. We determined that the district court was not required to give preclusive effect to that 1996 form because Gibbs was collaterally estopped from asserting he was disabled in 1996 by virtue of a 1997 administrative law judge (ALJ) determination (upheld by a district court and this court) that Gibbs was not disabled from 1992 to 1997. *Id.* at 746.

On remand after that appeal, the agency issued a Notice of Hearing on July 18, 2012, for an October 10 hearing before an ALJ. In a letter dated July 19, Gibbs responded to the Notice of Hearing by questioning whether the proper issue had been scheduled for hearing. He apparently remained of the opinion that the effect of the 1996 administrative form was an issue for the ALJ to consider at the hearing.

Next, Gibbs filed a complaint in the district court on September 14, 2012, contesting the Notice of Hearing. He alleged that the remanded proceeding was without an assigned ALJ and that the defendant Commissioner denied him due process of law. He further asserted that the Commissioner was obligated to provide him with a hearing on the propriety of the 1996 administrative form. He claimed that this obligation satisfied his requirement to exhaust administrative remedies prior to filing his complaint, and he concluded that the Commissioner was "estopped and the July 18th, 2012 administrative proceeding is dissolved" by virtue of the obligation to afford him a hearing regarding the 1996 form. R. at 8.

On November 20, the Commissioner filed a motion to dismiss, asserting that the ALJ held a hearing on October 10 but Gibbs did not appear. The Commissioner asked the district court to dismiss the case for lack of subject matter jurisdiction due to Gibbs's failure to exhaust administrative remedies. A magistrate judge issued a Report and Recommendation (R&R), recommending that the district court grant the Commissioner's motion and dismiss the action without prejudice for lack of subject matter jurisdiction. The magistrate judge concluded that there was no final appealable decision because Gibbs had not exhausted his administrative remedies. The magistrate judge further determined that Gibbs failed to establish an exception to the exhaustion requirement for constitutional claims and that he was estopped from asserting disability based on the 1996 form under this court's decision in *Gibbs*, 449 F. App'x 744. Gibbs filed a response to the motion to dismiss after the

magistrate judge issued the R&R, and he also filed objections to the R&R. The district court overruled the objections, adopted the R&R, and dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(1).

On January 15, 2013, Gibbs filed a motion for an extension of time to file a notice of appeal, claiming the Commissioner had engaged in delay or inaction regarding the remanded proceedings and had "not acknowledge[d] any pending administrative proceeding." R. at 74. In a court-ordered response, the Commissioner argued, *inter alia*, that the motion should be denied because the ALJ had issued a partially favorable ALJ decision on Gibbs's benefits applications on January 25, 2013, and that decision rendered Gibbs's arguments moot. But the district court rejected that argument and granted Gibbs's motion for an extension of time, observing that the ALJ's decision was only partially favorable. The next day, Gibbs filed a motion that primarily sought leave to submit a reply in support of his motion for an extension of time to appeal. In the alternative, Gibbs requested that the court reopen the case under Federal Rule of Civil Procedure 60(b). The court denied the motion as moot based on its prior grant of Gibbs's motion for extension of time. This appeal followed.

## II. Discussion

"We review the district court's dismissal for lack of subject matter jurisdiction de novo." *Green v. Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010). Because

Gibbs appears pro se, we afford his filings a liberal construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Under the Social Security Act, federal district courts have jurisdiction to review "any *final decision* of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g) (emphasis added). "But the Act does not define 'final decision,' instead leaving it to the [Social Security Administration] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000). The pertinent regulations, 20 C.F.R. §§ 404.900(a) and 416.1400(a), describe a four-step review process leading to a final decision: (1) initial determination, (2) reconsideration, (3) a hearing before an ALJ, and (4) a request for review by the Appeals Council. A final decision exists only after a claimant has completed these four steps. *Id.* §§ 404.900(a)(5), 416.1400(a)(5).[1]

It is clear that at the time Gibbs filed his complaint, he had not completed steps three and four after the sentence-four remand, so there was no final administrative decision. Hence, he failed to exhaust his administrative remedies and was not entitled to judicial review. *See Sims*, 530 U.S. at 107 (failure to exhaust precludes judicial review); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977)

---

[1] The regulations also provide for an expedited appeal process, which permits a claimant to file in federal court after the initial determination has been reviewed but only (1) to contest the constitutionality of the controlling laws and (2) provided that a claimant has no dispute with the agency's findings of fact or application of controlling laws. *See* 20 C.F.R. §§ 404.900(a)(6), 416.1400(a)(6). Gibbs's claims do not meet these requirements.

(stating that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing'" (quoting § 405(g))). Gibbs's unsupported contention that the July 18 Notice of Hearing was a final, reviewable decision lacks merit. *Cf. Subia v. Comm'r*, 264 F.3d 899, 900-02 (9th Cir. 2001) (concluding there was no exhaustion where claimant received notice of hearing but failed to appear and ALJ did not issue a decision).

Gibbs also complains that the magistrate judge issued the R&R before Gibbs filed his response to the Commissioner's motion to dismiss. In so doing, the magistrate judge relied on one of the district court's local rules, LCvR 1.2(c), which provides that a "trial judge has discretion in any civil or criminal case to waive any requirement of these local rules when the administration of justice requires." The magistrate judge stated that he was waiving a response to the motion to dismiss because the court's lack of jurisdiction was clear on the face of the complaint. Our review of the application of a district court's local rules is for abuse of discretion. *McInnis v. Fairfield Cmtys., Inc.*, 458 F.3d 1129, 1147 (10th Cir. 2006). We see none. The magistrate judge's determination was correct. Moreover, in Gibbs's objections to the R&R, which the district court considered, Gibbs repeatedly referenced his response, and we see nothing in the response that calls the R&R or the district court's disposition into question.

Gibbs advances only one other contention that merits discussion. He complains that the district court erred in denying as moot his alternative request for

Rule 60(b) relief.  But Gibbs provided no reasoned basis for Rule 60(b) relief.  He stated only that the Notice of Hearing and the ALJ's decision had made the remand "useless" and warranted "reopening this case [due] to . . . Rule 60(b)(3) concerns." R. at 101.  Rule 60(b)(3) relief is available for "fraud . . . , misrepresentation, or misconduct by an opposing party."  Gibbs made no showing of such conduct warranting relief from the district court's decision that it lacked subject matter jurisdiction due to Gibbs's failure to exhaust administrative remedies.  We therefore see no reversible error in the district court's handling of the request for Rule 60(b) relief.

Affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge