104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Adele S. GRUBART, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellant.
 No. 96-6083.
 United States Court of Appeals, Second Circuit.
 Nov. 29, 1996.
 
 S.D.N.Y.
 AFFIRMED.
 Appearing for Appellant: ADELE S. GRUBART, pro se, New York, New York
 Appearing for Appellee: SUSAN D. BAIRD, Assistant United States Attorney for the Southern District of New York, New York, New York
 PRESENT CARDAMONE and CALABRESI, Circuit Judges, and POOLER, District Judge.*
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Leisure, J.), it is hereby
 
 
 1
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff-appellant Adele S. Grubart appeals from a judgment entered January 25, 1996 in the United States District Court for the Southern District of New York, Peter K. Leisure, Judge, that granted judgment on the pleadings for defendant-appellee, the Commissioner of Social Security ("Commissioner").
 
 
 3
 Grubart alleges that she delayed the filing of her application for spousal Social Security benefits until several months after she became eligible at age 62 because she was misinformed by a Social Security Administration ("SSA") employee in a phone conversation that she was ineligible for Social Security benefits under her husband's social security number until she reached age 65. Grubart testified before an administrative law judge that she was told:
 
 
 4
 [W]ait until you're 65 and you will get more. Half of what Harold H. would get. And that there was no Medicare until 65. And that I cannot apply. And my note says wait to 65 to collect ... because I would be getting on my husband's number, because on my number I would get so little, and she advised that I should not apply on my own number.
 
 
 5
 Transcript of Administrative Record at 30. Grubart's own handwritten notes taken during the conversation, attached to the complaint, include the following notation: "@62--self--about $100." Despite these indications from Grubart herself that she understood that she was eligible for some level of benefits upon reaching age 62, she now asserts that she was informed by the SSA that she was ineligible for Social Security benefits until she reached age 65, and seeks payment of the approximately four months' benefits of which she was allegedly deprived as a result of the misinformation.
 
 
 6
 The Commissioner denied Grubart's claim for back benefits. An administrative law judge, fully crediting Grubart's claim that the phone conversation took place and her general representations about what was said, upheld the Commissioner's decision, finding no evidence to substantiate Grubart's claim that she had been told that she was ineligible for Social Security benefits. ALJ Decision at 3-5. The district court, on the recommendation of Magistrate Judge Sharon E. Grubin, found that substantial evidence supported the administrative law judge's findings, and granted judgment to defendant-appellee on the pleadings.
 
 
 7
 When the Commissioner is convinced that a claimant failed to apply for benefits because she was misinformed by an employee of the SSA, the claimant may be deemed to have applied for benefits on the later of the date on which the misinformation was provided or the date on which the individual met all of the requirements for entitlement to the benefits. 42 U.S.C. § 402(j)(5). However, when a plaintiff challenges the Social Security Commissioner's factual findings as to eligibility, those findings shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Bush v. Shalala, 94 F.3d 40, 45 (2d Cir.1996). We find that substantial evidence supports the Commissioner's determination that Grubart was not misinformed. Indeed, Grubart's own testimony and documentary evidence, though not unambiguous, can reasonably be read as indicating that she was told of her eligibility for benefits upon reaching age 62.
 
 
 8
 We have considered all of plaintiff-appellants contentions on this appeal and find them to be without merit. The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Rosemary S. Pooler, District Judge of the United States District Court for the Northern District of New York, sitting by designation