317 F.Supp.2d 408 (2004)
Lawana LANCLOS, Plaintiff,
v.
Jo Anne B. BARNHART, Commissioner of Social Security, Defendants.
No. 03 CIV. 6608(VM).
United States District Court, S.D. New York.
May 5, 2004.
Lawana Lanclos, Bronx, NY, pro se.
William D. Kaplan, New York City, for Plaintiff.
John E. Gura, Assitant U.S. Attorney, New York City, for Defendants.

DECISION AND ORDER
MARRERO, District Judge.
Plaintiff Lawana Lanclos ("Lanclos") seeks review of an administrative decision from the Commissioner of Social Security (the "Commissioner") denying her certain disability benefits. The Commissioner and Lanclos agree that the administrative law judge ("ALJ") erred in failing to adequately take into account the opinion of a treating physician. Lanclos moves the Court to determine that she is eligible for the benefits and to remand simply for a calculation of benefits. The Commissioner moves the Court for a full remand. Because the record does not conclusively demonstrate that Lanclos is entitled to benefits, the *409 Court remands the case for further proceedings.

I. BACKGROUND[1]
In August 1999, Lanclos, then age 24, was hospitalized based upon complaints of dizziness, weakness, lightheadedness, blurred vision and nausea. Doctors diagnosed her with lupus nephritis, a chronic immune system disorder. Lanclos remained hospitalized for two weeks, and soon after her discharge, she filed for disability insurance benefits and supplemental security income. After a July 2002 hearing, an ALJ determined that, because Lanclos was able to perform a full range of light work, she was not disabled within the meaning of the Social Security Act and thus not entitled to benefits.
The record before the ALJ included relevant evidence from three physicians. First, two months after Lanclos's initial hospitalization, Dr. Herbert Lachman ("Lachman") performed a consultative exam on Lanclos. He concluded that Lanclos was "capable of performing only very sedentary activities," but he also stated that Lanclos might regain her energy level and be able to return to work. (R. 167)[2]
Second, in May 2000, Dr. Mary Reed ("Reed"), one of Lanclos's treating physicians, completed a one-page form entitled "PHYSICAL CAPACITIES EVALUATION." That form allows a physician to check various boxes (e.g.,"Never," "Occasionally," "Frequently," or "Constantly") or circle appropriate numbers, so as to provide a basic and standardized snapshot of a patient's physical capacities. Reed indicated on the form that Lanclos's physical capacities were limited in among the following ways:
(1) She could sit for only up to two hours at one time.
(2) She could stand for only up to three hours at one time.
(3) She could walk for only up to one hour at one time.
(4) She needed to recline twice daily for thirty minutes.
(5) She needed to elevate her extremities 4 to 5 times for thirty minutes daily.
(6) She could only occasionally lift or carry 6 to 10 pounds.
(7) She could only occasionally bend, squat, or reach, and never crawl or climb.
The form does not provide a space for, nor did Reed otherwise provide, a detailed narrative further explaining these limitations or the cause of the limitations.
Third, Dr. Peter Graham ("Graham"), a consulting physician, examined Lanclos in January 2001. Graham produced a three-page evaluation in narrative form. Among other findings, Graham stated that all of Lanclos's joints exhibited a full range of motion, without swelling; that Lanclos's hand dexterity was normal; and that she was able to perform a full squat. Graham noted that Lanclos walked normally and was able to get on and off the examination table without difficulty. Under the subheading "CAPABILITIES," Graham stated: "This patient is able to sit, stand, walk, lift, carry, handle objects, hear, speak and travel. She is probably able to do light activities." (R. 174) Nothing in Graham's *410 report indicates how long Lanclos would be able to sit or stand at one time, or how much weight she might be able to carry.
The ALJ relied principally upon Graham's report in determining that Lanclos would be able to perform light work and thus, could not be considered disabled. The ALJ also relied upon Lanclos's own testimony, specifically, that Lanclos (1) takes care of three children; (2) performs household chores, including grocery shopping and cooking; and (3) performs all of her daily activities without assistance. The ALJ's decision describes the opinions of all three of the above physicians, but the legal analysis section fails to explain whether (or the reasons why) the ALJ apparently discredited Reed's evaluation of Lanclos. In July 2003, the Appeals Council denied Lanclos's request for review, and Lanclos then filed the present action before this Court.

II. DISCUSSION

The Commissioner concedes that the ALJ's failure to adequately discuss Reed's evaluation requires a remand. See Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir.1998) (holding that failure to provide good reasons to discredit a treating physician's opinion requires remand); see also 20 C.F.R. § 404.1527(d)(2) (stating that ALJs will give "good reasons" for the weight given to a treating physician's opinion). Lanclos urges the Court to enter a finding that she is entitled to benefits and to remand solely for the purpose of calculating those benefits. Lanclos is correct that "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the Court may enter conclusive findings on a claimant's behalf. Parker v. Harris, 626 F.2d 225, 233 (2d Cir.1980). However, this record is inconclusive; it suggests that Lanclos may or may not be entitled to benefits. In that circumstance, the ALJ (and not this Court) must weigh the evidence in the first instance. See Schaal, 134 F.3d at 504.
Considering Lanclos's age, education, and skills, the relevant regulations mandate that if Lanclos can perform a full range of "light work," she is deemed not disabled and hence not entitled to the benefits she seeks. See 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.17.[3] The relevant regulations relating to "light work" state:
Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.
20 C.F.R. §§ 404.1567(b), 416.967(b).[4]
The issue presented here is whether Lanclos has conclusively shown that, under the relevant regulations, she is disabled, thus rendering any remand on that issue futile. Lanclos argues that she has made such a showing by virtue of the content of Reed's evaluation. Lanclos dismisses the *411 arguably contrary evidence of Graham's report on the ground that it is insubstantial and equivocal. She emphasizes that Graham qualified his conclusion by stating that Lanclos could "probably" perform light activities. (R. 174)
The Court is not persuaded that Graham's report can be dispatched so easily. The report's relevant conclusion  that Lanclos could probably perform light activities  is made against the backdrop of more specific findings, such as the fact that Lanclos had a full range of joint motion and that she had full hand dexterity.[5] Moreover, Lanclos fails to address the ALJ's finding that her own testimony, such as her statement that she performed all of her daily activities unassisted, supports the assertion that she could actually perform light work. To be sure, the Court recognizes that Reed's evaluation depicts a more grim assessment of Lanclos's capacities than Graham's report, and the Court acknowledges that Reed's evaluation might furnish the basis for a finding that Lanclos is disabled. The Court here only makes the narrow finding that this relatively thin record is not conclusive one way or another, and thus must be first weighed by the ALJ.
Finally, Lanclos urges the Court to reverse, instead of remand, because of the extraordinary delay in resolving this claim. While the Court is mindful of the fact that this case has taken far too long to resolve, the Second Circuit has held that delay alone will not support entering a finding on the claimant's behalf. See Bush v. Shalala, 94 F.3d 40, 46 (2d Cir.1996) ("[A]bsent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits.").

III. ORDER

For the stated reasons, it is hereby
ORDERED that the motion of the Commissioner of Social Security (the "Commissioner") to remand this case is granted. The case is ordered remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for more proceedings consistent with this Decision and Order; it is further
ORDERED that the motion of plaintiff Lawana Lanclos for an order directing a remand of this action to the Commissioner solely for the purpose of calculation of benefits is denied.
The Clerk of Court is directed to close this case, without prejudice to its being reopened in the event additional proceedings in this Court are warranted following the administrative review on remand herein directed.
SO ORDERED.
NOTES
[1] The facts are derived from the administrative record ("R."), which, except where necessary, the Court will not cite further.
[2] Shortly after Lachman's examination, Lanclos was hospitalized for another ten days, but the record in connection with that hospitalization does not include a specific doctor's opinion with regard to Lanclos's capabilities for work.
[3] This inquiry is the fifth part of a five-part framework of analysis under the regulations (the first four are not in dispute here). See 20 C.F.R. § 416.920(a)(4). At this final stage, the burden of persuasion is upon the Commissioner, not Lanclos. See, e.g., Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir.1998).
[4] Lancolos would not be entitled to disability benefits even if the Commissioner could only show that Lanclos could perform a full range of "sedentary work" (the least rigorous of the categories of work), instead of "light work." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.24.20; see also C.F.R. §§ 404.1567(a), 416.967(a) (defining sedentary work).
[5] The Court also notes that Graham likely employed the term "light activities" in its ordinary sense, and not as synonymous with the legal term of art "light work," as formally defined in the federal regulations. With that qualification in mind, Graham's statement that Lanclos was "probably able to do light activities" is less important, as far as the legal analysis is concerned, than more specific facts which formed the basis for that conclusion. (R. 174)