**Reese MITCHELL, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.**

No. 04–2712.

United States Court of Appeals, Second Circuit.

Feb. 8, 2005.

---

* The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Reese Mitchell, Brooklyn, NY, for Appellant, pro se.

Artemis Lekakis, Assistant United States Attorney, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson, Kathleen Mahoney, Assistant United States Attorneys, on the brief, Brooklyn, NY), for Appellee.

Present: JACOBS, CALABRESI, Circuit Judges, and RAKOFF,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Reese Mitchell, *pro se*, appeals a March 15, 2004 order of the United States District Court for the Eastern District of New York (Weinstein, *J.*), holding that the Commissioner of Social Security's ("Commissioner") denial of Mitchell's application for Supplemental Security Income ("SSI") benefits was supported by substantial evidence. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"When we consider a denial of Social Security benefits, our focus is not so much on the district court's ruling as it is on the administrative ruling. We do not determine *de novo* whether [plaintiff] is disabled; we ascertain whether the decision was supported by substantial evidence. Substantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir.2004) (internal citations and quotations marks omitted).

In evaluating Mitchell's SSI benefits application, the administrative law judge ("ALJ") appropriately applied the five-step analysis outlined in 20 C.F.R. § 416.920. *See Bush v. Shalala*, 94 F.3d 40, 44 (2d Cir.1996). Ultimately, the ALJ concluded (with the assistance of the "Medical–Vocational Guidelines") that Mitchell was not "disabled" as that term is defined in the Social Security Act and thus was not eligible for SSI benefits. This conclusion was supported by substantial evidence.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.