UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-2226

TRAVIS X. CARR,

              Plaintiff – Appellant,

       v.

KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration,

              Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
George Jarrod Hazel, District Judge.  (8:18-cv-01210-GJH)

Submitted:  December 10, 2021                    Decided:  February 1, 2022

Before KING, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished opinion.  Judge Harris wrote the opinion, in which Judge King and Judge Thacker joined.

**ON BRIEF:**  Christine P. Benagh, COLLIER-BENAGH LAW, P.L.L.C., Washington, D.C., for Appellant.  Robert K. Hur, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland; David N. Mervis, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

After Travis Carr was denied disability insurance benefits under the Social Security Act, he successfully sought judicial review of the Commissioner's decision, securing a remand to the agency for additional explanation and further proceedings. Carr now appeals that judgment, arguing that the district court should have directed the award of benefits instead of remanding.

In two thorough and carefully reasoned opinions, the district court explained why a remand, and not an award of benefits, is the appropriate remedy in this case. For the reasons given by the district court, we affirm its judgment.

## I.

In 2010, Carr filed applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). He alleged that he had been disabled since 2008, due to a stroke, hypertension, depression, panic attacks, and knee and back pain. Carr's SSI application was approved. However, the Commissioner denied his DIB application initially and again upon reconsideration, finding that Carr was not disabled during the relatively brief period between the alleged onset date of his disability – September 15, 2008 – and the date he was last insured for benefits – March 31, 2009.

Three hearings in front of three different ALJs followed. In 2013, the first ALJ found that Carr was not disabled during the relevant period. Carr appealed that decision to the district court, and the case was remanded to the agency at the Commissioner's request. After a second ALJ again found that Carr was not disabled, Carr again appealed, and the

district court again remanded the case to the agency, concluding that the ALJ had not provided the necessary explanation for its determination. In 2017, a third ALJ issued a decision finding that Carr was not disabled during the relevant period and did not qualify for DIB. That decision is the basis for the present appeal.

In making his disability determination, the ALJ applied the well-established five-step process set forth by the Social Security Administration:

> [T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform [his] past work given the limitations caused by [his] medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At issue in this case is the assessment of a claimant's "residual functional capacity," or "RFC" – "the most [the] claimant can still do despite all of [his] medically determinable impairments" – that must be undertaken before an ALJ can proceed to steps four and five. *Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018) (internal quotation marks omitted). Only if the ALJ determines at step four that the claimant, in light of his RFC, cannot perform his past work, and at step five that the claimant's RFC does not allow him to perform other work "that exists in significant numbers in the national economy," will the claimant qualify as disabled. *See id.* (internal quotation marks omitted).

Here, in assessing Carr's RFC, the ALJ found that Carr had moderate limitations on his ability to concentrate, persist, and maintain pace. Even so, the ALJ concluded that Carr could perform jobs "consisting of simple . . . , routine, and repetitive tasks, in a work

3

environment without production rate pace." J.A. 99. Carr's limitations could be accommodated by "normal breaks" during the workday because he was able to "sustain concentration and attention for at least two hours at a time." *Id.* As for Carr's physical impairments – bearing on Carr's ability to walk, stand, and lift – the ALJ determined that they would not prevent Carr from performing "light work." J.A. 98–99. Based on this RFC analysis, the ALJ determined that Carr was unable to perform past relevant work, but could perform other work in the national economy such that he was not disabled during the relevant period. In April 2018, the ALJ's decision became the Commissioner's final decision.

Soon after, Carr filed a complaint seeking judicial review of the Commissioner's decision. After Carr and the Commissioner filed motions for summary judgment, the district court referred the matter to a magistrate judge, who issued a Report and Recommendation ("R&R").

The magistrate judge agreed with Carr on the substance of his argument, finding that the ALJ's failure to adequately explain certain of his conclusions precluded meaningful review of his RFC assessment. With respect to remedy, the magistrate judge recommended reversing the Commissioner's decision and directing the award of benefits. The magistrate judge acknowledged that when a court determines that an ALJ's opinion precludes meaningful review, the proper remedy usually is a remand for additional explanation or investigation. In this case, however, he concluded that reversal for an award of benefits would be appropriate: Not only was the court "left to guess" as to how the ALJ

4

reached his decision, but Carr's case had been pending for almost nine years already. J.A. 27–28 (internal quotation marks omitted).

In the first of two opinions, the district court adopted the R&R in part and rejected it in part. *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *1 (D. Md. Sept. 20, 2019). First, overruling the Commissioner's objections, the district court agreed with the magistrate judge that the ALJ failed to provide a logical explanation connecting his conclusions about Carr's RFC to the record evidence. That logical explanation is a key component of the RFC analysis, and "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Id.* at *4 (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). In particular, the district court determined, the ALJ "failed to build an accurate and logical bridge" from evidence to conclusion, *id.* (internal quotation marks omitted), in three respects:

First, the ALJ did not explain why his proposed accommodations – "normal breaks" during the workday and working in an environment without "production rate pace" – would adequately account for the finding that Carr had "moderate limitations" in his "ability to concentrate, persist, or maintain pace." *Id.* (internal quotation marks omitted). The ALJ's opinion did not reconcile these findings or explain why, despite Carr's limitations, he did not require accommodations beyond those already provided in a normal workday. *Id.*

Second, the ALJ did not define the term "production rate pace." *Id.* at *5. The ALJ's failure to define this term – which is not self-explanatory or defined in the regulations – "makes it difficult, if not impossible" for a court to assess whether the inclusion of that limitation in Carr's RFC is supported by substantial evidence. *Id.* (quoting

5

*Thomas*, 916 F.3d at 312); *see also Perry v. Berryhill*, 765 F. App'x 869, 872–73 (4th Cir. 2019) (ALJ's failure to define "non-production oriented work setting" made it impossible for the court to meaningfully assess whether there was a "logical bridge" between the evidence in the record and the ALJ's conclusion (quoting *Woods*, 888 F.3d at 694)).

Finally, the ALJ failed to explain how Carr could perform "light work." *Travis X. C.*, 2019 WL 4597897, at \*6. While the ALJ referenced evidence relating to Carr's physical impairments, including his ability to walk, stand, and lift, "the ALJ never actually explained how he concluded, based on that evidence, that [Carr] could perform the tasks required by 'light work.'" *Id.* Consequently, the ALJ failed to build an "accurate and logical bridge" from the evidence of Carr's impairments to his conclusion about Carr's ability to work. *Id.* (quoting *Woods*, 888 F.3d at 694).

As to remedy, however, the district court disagreed with the magistrate judge. *Id.* As the district court explained, "[w]here, as here, a reviewing court 'has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). A court may instead reverse and direct the award of benefits only in the unusual case in which it can be determined, even in the absence of an explanation, that there is no account on which substantial evidence could support a denial of benefits. *Id.* (citing *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974)). And this is not such a case, the district court concluded, because the record contained conflicting expert testimony, making it impossible for the court to definitively conclude that there was not "substantial evidence to support a

6

decision denying coverage." *Id.* (quoting *Breeden*, 493 F.2d at 1012). Accordingly, the district court denied both parties' motions for summary judgment and remanded the case for further proceedings. *Id.*

Carr moved to alter or amend the district court's judgment under Federal Rule of Civil Procedure 59(e), arguing that the district court should have reversed and awarded benefits instead of remanding. In a second opinion, the district court denied Carr's motion. *Travis X. C. v. Saul*, No. GJH-18-1210, 2020 WL 6684636, at *1 (D. Md. Nov. 12, 2020). The district court again explained that where the ALJ's "insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings" and "there is at least conflicting evidence in the record," the appropriate remedy is remand for further proceedings. *Id.* at *3 (quoting *Radford*, 734 F.3d at 296). It reiterated its finding that the medical record here was ambiguous, emphasizing the conflicting testimony of two experts. *Id.* And it rejected Carr's argument that his worsening health condition, which would limit his ability to participate in future proceedings, justified a reversal: A court may direct an award of benefits only where the record does not contain substantial evidence to support a decision denying coverage during the insured period, and evidence concerning Carr's "current medical condition and ability to participate in further proceedings is not legally relevant to this determination." *Id.* at *4.

## II.

The Commissioner has not appealed the district court's judgment remanding this case because the ALJ failed to provide an adequate explanation of his RFC assessment.

7

Carr, however, has appealed the district court's choice of remedy, advancing substantially the same arguments he presented to the district court.[1]  And for substantially the same reasons given by the district court in its opinions, we now affirm its judgment.

We review a district court's decision on a motion for summary judgment de novo. *Woods*, 888 F.3d at 691.  We will affirm a Social Security Administration disability determination "when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Id.* (internal quotation marks omitted). The only point of contention in this case, however, is the district court's choice of remedy, and we review that decision for abuse of discretion. *See Radford*, 734 F.3d at 295.[2]

As the district court explained, when an ALJ fails to provide a "logical explanation" connecting its RFC analysis to the record evidence, *see Thomas*, 916 F.3d at 311–12, the "proper course, except in rare circumstances, is to remand to the agency for additional

---

[1] Under the Social Security Act's judicial review provision, *see* 42 U.S.C. § 405(g), a district court order remanding a social security disability claim to the agency for further proceedings is a final judgment appealable under 28 U.S.C. § 1291.  *See Forney v. Apfel*, 524 U.S. 266, 269 (1998).

[2] The Commissioner argues that Carr's notice of appeal is limited to the district court's second order, denying reconsideration under Rule 59(e), further narrowing the scope of our review.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (absent newly discovered evidence or intervening change in law, Rule 59(e) motion may be granted only to "correct a clear error of law or prevent manifest injustice").  We disagree.  A notice of appeal designating only a postjudgment motion also will "support a review of the final judgment when the intent to do so is clear." *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 278–79 (4th Cir. 2008) (internal quotation marks omitted).  Here, Carr's clear intent – as well as the parties' briefing of the merits – is sufficient to bring before us the underlying judgment as well as the Rule 59(e) denial. *See Lolavar v. de Santibanes*, 430 F.3d 221, 224 (4th Cir. 2005).

investigation or explanation," *Radford*, 734 F.3d at 295 (internal quotation marks omitted). That makes sense: In most cases, the absence of an adequate explanation for an ALJ's determination will "frustrate meaningful review," *Mascio*, 780 F.3d at 636, making it "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings," *Radford*, 734 F.3d at 295; *see id.* ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling."). For instance, when an ALJ fails to define a limit included in an RFC – as the ALJ did here, with respect to his determination that Carr could work in an environment without "production rate pace" – it will be "difficult, if not impossible," to determine whether that restriction is supported by substantial evidence. *Thomas*, 916 F.3d at 311–12.

Only in the "unusual case" will it be clear on review, despite the absence of an explanation from the ALJ, that the record does *not* contain substantial evidence that could support the ALJ's determination. *See Travis X. C.*, 2019 WL 4597897, at *4 (quoting *Seavey v. Barnhart*, 276 F.3d 1, 10–12 (1st Cir. 2001)). And it is only in those cases – where it is clear that there is no account on which substantial evidence would support a denial of coverage – that a court may exercise its discretion to direct the award of benefits as a remedy for a failure to explain. *See Radford*, 734 F.3d at 296 (vacating award of benefits in light of "ambivalence" of record and "conflicting evidence" as to disability); *see also, e.g.*, *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 111 (4th Cir. 2020) (explaining that awarding benefits without remand may be appropriate "where the record

9

clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose").

As the district court went on to explain, this is not such a case, because "there is at least conflicting evidence in the record" bearing on the ALJ's RFC assessment. *Radford*, 734 F.3d at 296 (internal quotation marks omitted). Perhaps most significantly, as the district court highlighted, two experts reached different conclusions about whether Carr retained the capacity to work without special accommodations. Dr. Ansel, a psychologist who examined Carr in 2014, identified "many years" of panic attacks and agoraphobia, reaching back at least as far as March 2009, that had rendered Carr incapable of substantial gainful employment. J.A. 68–69. But Dr. Andert, a psychologist who testified at the 2017 hearing, identified only one panic attack, in 2008, rather than a "pattern of consistent or frequent panic attacks," J.A. 85–86, and opined that Carr could perform work involving simple decisions and routine tasks, accommodated only by "normal breaks" in the workday, J.A. 82. In addition, Carr himself reported that he continued to work at least part-time for several years after his 2008 panic attack, consistent with contemporaneous treatment notes suggesting that he did not have the long history of panic attacks, inability to leave his house, or psychosis that had formed the basis of his experts' opinions.

We do not, of course, prejudge the outcome of this proceeding on remand, or opine as to the relative strength of the parties' cases. Our point here is only the same one made by the district court: This is not the rare case in which it is clear that an ALJ decision denying benefits, properly explained, could not be supported by substantial evidence in the record. Instead, given the conflicting evidence regarding Carr's RFC, the proper remedy

10

is to remand for the explanation that will make possible a "meaningful review" of the ALJ's determination. *Radford*, 734 F.3d at 296 (internal quotation marks omitted); *see Mascio*, 780 F.3d at 638, 640–41 (directing remand so ALJ has opportunity to "explain why [the claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [his] residual functional capacity").

To the extent Carr argues that the district court should have directed the award of benefits for equitable reasons even if it was precluded, by a lack of explanation and conflicting evidence, from determining whether the ALJ's ultimate decision was supported by substantial evidence, we cannot agree. We appreciate that this case has dragged on for many years, currently on its third remand to the agency. And we acknowledge Carr's concern that health issues may affect his ability to participate in proceedings going forward. But as the district court explained, these are not grounds for directing an award of benefits in the absence of a finding that a claimant is indeed disabled. *See Radford*, 734 F.3d at 296 (holding that district court abused its discretion in directing the award of benefits based in part on length of the proceedings); *see also, e.g.*, *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996) ("[A]bsent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits."). We find no abuse of discretion in the district court's judgment that remand is the appropriate remedy in this case.

## III.

Accordingly, for the reasons given by the district court, we affirm.

*AFFIRMED*

11